FRANCES SCHILLACI, as Administratrix, etc., of VINCENT SCHILLACI, Deceased, Plaintiff, *v.* JOHN J. FOUNTAINE and JOSEPH H. HART, Defendants.

Supreme Court, Rensselaer County, October 22, 1937.

*Philip J. Cirillo*, for the plaintiff.

*Clinton, Scott & McNamee*, for the defendant Hart.

*George F. Curley*, for the defendant Fountaine.

BERGAN, J.   On the 22d day of April, 1937, plaintiff's intestate and another man were killed by a car owned by the defendant Hart and operated by defendant Fountaine.   The testimony indicates culpable negligence.   Had any care whatever been exercised by Fountaine, the accident, and the consequent death of these two men, would have been avoided.   At the trial a verdict of $17,000 has been returned against Fountaine.   He apparently has no employment, no property from which any part of this judgment may be satisfied.

The defendant Hart has succeeded in avoiding any responsibility for the death of plaintiff's husband upon the ground that at the time of the accident Fountaine, who is his brother-in-law and lives with him, had no permission or consent to use the car.   The jury having necessarily found this to have been a fact, by its verdict against the driver but not against the owner, it is clear that good ground exists for the prosecution of the defendant Fountaine for the larceny of the car.

A defense of this sort should not succeed without incurring the risk of criminal prosecution of the person using an automobile without consent.

The owner who permits the use of a motor vehicle by another is responsible for the negligence of the operator.   (Vehicle and Traffic Law, § 59.)   One who uses a motor vehicle without permission is guilty of larceny.   (Penal Law, § 1293-a.)   Where permission to use the vehicle ends, larceny begins.   There is no neutral ground between.   Either the owner is responsible for death or injury due to the negligence of the operator, or the operator is guilty of larceny.   Permission creates a civil liability of the owner; lack of it creates a criminal liability of the operator.

The record justifies action by prosecuting officials.   I direct that a copy of the testimony of the owner and the operator be sent to the district attorney of Albany county, where the accident occurred, for such action as he may deem proper.