Earl W. Tabor, J.
The defendant, Charles W. Smith, stands indicted of committing the crime of grand larceny in the first degree in violation of sections 1290 and 1294 of the Penal Law of the State of New York.
Defendant through his counsel has moved to inspect the Grand Jury minutes and to dismiss the indictment.- It is the contention of the defendant that the Grand Jury did not have jurisdiction to return this indictment since the alleged crime was not committed in Wayne County.
The district attorney contends that the crime was committed in this county and voluntarily submitted to me the Grand Jury minutes.
This motion has been before me and the jurisdiction question has not been simple to pass on and determine.
The facts are, briefly, that the defendant operated a tractor in long distance hauling, registered in the name of his brother, but which they owned together. Last August he was hired by A. Johncox & Sons, trucking company of Ontario, in this county, to haul a trailer from Ontario to New York City. After he arrived in New York City, he was requested by Johncox, or somebody employed by him, to go to Sprakers, Montgomery County, New York, and pick up a trailer there and take it to New York *346 City, which the defendant did. He then took a load from New York City to Buffalo with the approval of Johncox, the owner of the trailer. From Buffalo the defendant departed, unknown to Johncox and without his consent, according to the defendant’s own statement which was read to the Grand Jury, going to Erie, Pennsylvania, and then on to Indianapolis, Indiana.
On or about September 6, 1955 one Norton, a dispatcher for Johncox, located the defendant on the phone in Indianapolis and asked him what he was doing there and defendant told him he was waiting for a load to start east. Later that day at the direction of Johncox the dispatcher called the defendant again in Indianapolis and told him Johncox ordered the trailer returned at once and regardless of whether it was empty and defendant, by his own statement which was read to the Grand Jury, informed Norton he would do so. Defendant in this statement relates that he figured up the mileage and decided it would cost him too much and determined he would haul the first load that came along regardless of the destination. Thereafter, the defendant hauled this trailer through several States and was in this State on several occasions. About January 5, 1956 he returned to Ontario and left the trailer in front of the office of the owner.
The crime of which the defendant is charged is a larceny in the nature of an embezzlement by a bailee. The two necessary elements to constitute this crime are the bailment and the conversion. If either of the two essential elements or component parts of the crime took place in this county, jurisdiction was properly laid in this county. As to the first element there was a bailment when defendant agreed to haul the trailer from Sprakers in this State to New York City. The agreement was made as a result of a telephone conversation between the defendant in New York and Johncox or one of his agents in Ontario. The defendant confirmed this agreement as to the bailment when he took possession of the trailer at Sprakers. In view of defendant’s own statement he breached the bailment agreement when he went from Buffalo to Erie, Pennsylvania, without consent, either express or implied, of the owner of the trailer. Possibly the conversion occurred at Buffalo. If not, there definitely was a conversion on or about the 6th day of September, 1955 in Indianapolis when defendant breached his own agreement on that day to return the trailer to Ontario and instead determined to take a load for any destination, and thereafter kept this trailer in his possession for four months and thus converted the property of the owner to his own use,
*347 A contract may "be entered into by a telephone conversation and defendant admits his conversation in his statement to the Grand Jury and, likewise, by his own statement, received the property in question and then converted it to his own use. “ "Where permission to use the vehicle ends, larceny begins.” (Schillaci v. Fountaine, 164 Misc. 567.)
Counsel for defendant has cited People v. Mitchell (49 App. Div. 531, affd. 168 N. Y. 604), but I think he misconstrues the facts in their application of the principles of law involved when he states it would be proper to indict the defendant in the county where he received the trailer in question. The Mitchell case involves section 134 of the Code of Criminal Procedure which reads, “ When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting, or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county.”
The contract of bailment was entered into as to the trailer in a phone conversation between the defendant in New York and a dispatcher acting for Johncox in Ontario of this county. There was no conversion where the defendant took possession of the trailer at Sprakers since he took lawful possession as bailee under an agreement with the owner of the trailer. The conversion took place either in Buffalo when the defendant breached Ms bailment agreement by taking a load to Erie, Pennsylvania, for Ms own account and without the consent of the bailor, or in Indianapolis when the defendant violated his agreement to return the trailer; when, in his own language, in the statement which was read to the Grand Jury he acknowledged, “ Later on that same day Marty called me again at the Interstate Terminal and told me that J ohncox wanted his trailer back immediately. He said to come back empty. On the telephone I told him I would start back.”
The Mitchell case was cited and distinguished in Matter of Murtagh v. Leibowitz (303 N. Y. 311) because the facts in the Mitchell case were inapplicable to the facts in the Murtagh case and the rule laid down in the Mitchell case is still the law of this State.
Defendant took possession of the trailer as bailee in Montgomery County and this initial possession was lawful and he made no contract of bailment in that county, and there was no conversion in that county.
In People v. Lassman (252 App. Div. 742) there was an affirmance without opinion of a judgment of conviction where the bailee took into Ms possession a quantity of rugs in New *348 York County to be taken out of this State for sale purposes and transported them to West Virginia, pawned them and converted the proceeds to his own use.
Two other cases have been called to my attention by counsel for the defendant. People v. Werblow (241 N. Y. 55) which concerns a different type of crime and is not in point, and People v. Hetenyi (277 App. Div. 310, 315, affd. 301 N. Y. 757) which holds that “ The locus of the crime is not a part of the crime itself, and, as we view it, need not be proved beyond a reasonable doubt ’’. This case hardly supports the contention of the defendant.
The motion of the defendant is denied and an order will be signed in accordance with this opinion.