Samuel J. Silvermax, J.
Defendant moves for an inspection of the Grand Jury minutes or, alternatively, dismissal of the indictment. The indictment herein is a two-count accusation for grand larceny, first degree, the first of which alleges that the defendant Victor Greenfield did feloniously obtain, withhold and steal from the Hertz Corporation an automobile valued at $3,000 owned by the said corporation, then in the custody of one Luisa Greenfield, with intent to defraud the said owner and custodian of the property and to appropriate the same to his own use. (Penal Law, §§ 1290, 1294.)
The second count of the indictment charges that defendant feloniously did take and operate the car in question for his own profit, use and purpose without the consent of the said owner and custodian. (Penal Law, § 1293-a.)
In the first count, a criminal intent to defraud is an essential ingredient of the crime charged whereas under the second count the mere taking, using or operating the said car without consent of the owner and custodian establishes the crime of unauthorized use of the motor vehicle.
The Grand Jury minutes supporting the said indictment disclose that defendant’s mother Luisa Greenfield hired the car in issue on the night of May 31, 1963 and under the terms of the rental the car was to be returned the same time the following day, June 1, to the Hertz station. It was further agreed between the parties that, since Luisa Greenfield had no license to drive, the automobile would be operated by her son Victor Greenfield who was a licensed driver.
Luisa Greenfield testified that after rental of the car her son Victor drove her home and that she then thought it would be a good idea for him to drive the car to the mountains and try to get a job, and that the car be returned by him to any Hertz station in the locality where he found a job. She further testified that it was her understanding that she would be billed for the overtime occurring before the return of the rented car.
Defendant, Victor Greenfield, testifying under a waiver of immunity, stated that he drove the car to Sullivan County in the expectation of finding employment there; that he did in fact find a job and sought to return the automobile to a Hertz station in the vicinity but could find none. He lost his job after a few days and kept the car for transportation purposes under the belief that when he found a job he would pay part of the accruing overtime and his mother would pay the balance.
There appears to be no evidence sufficient to support the first count of the indictment — common-law larceny. So far as this court can see, there is no evidence on which a trial jury *706 could find beyond a reasonable doubt that defendant intended to steal the car (Code Crim. Pro., § 251).
As to the second count, People v. Alaboda (198 App. Div. 41 [3d Dept., 1921]) held that a failure by a lessee of a car to return it to the commercial renter-lessor at the time stipulated is not a violation of section 1293-a of the Penal Law; that at least in the absence of a demand by the owner and refusal by the defendant to deliver, the original lawful renting and retention does not become a crime by the mere lapse of time. In those circumstances there is merely a breach of contract.
Presumably this is still the law, though the rule may well be different if either the original taking was unauthorized (Block v. Standard Ins. Co. of N. Y., 292 N. Y. 270 [1944]; Schillaci v. Fountaine, 164 Misc. 567, 568 [Sup. Ct., Rensselaer County, 1937]) or there has been an actual demand to return the vehicle (People v. Smith, 2 Misc 2d 344 [County Ct., Wayne County, 1956]). The testimony before the Grand Jury was not sufficent to warrant a petit jury in finding beyond a reasonable doubt that these distinguishing circumstances existed in the case at bar (Code Crim. Pro., § 251).
Although the testimony before the Grand Jury indicates that the defendant acted irresponsibly, it was not sufficient to support this criminal indictment. Accordingly the indictment is dismissed.