M. Marvih Berger, J.
May someone using a rented automobile with the consent of the lessee, but without the permission of the owner-rental agency, be convicted of unauthorized use of the vehicle?
That is the question posed by the facts of this case — one of first impression as far as counsel and this court can ascertain.
On July 13, 1972 at 4:00 a.m. the defendant with two companions was observed by the arresting officer to be driving a 1972 Ford automobile in the wrong direction on a ramp at La Guardia Airport.
The officer discovered that the car had been leased by Andrew Upson from the Olins Rent-A-Car agency for a period of time that had not expired at that time.
The defendant is Upson’s niece.
At the hearing, the officer admitted that the defendant showed him the rental agreement and claimed that Upson had loaned her the car. It was stipulated that the automobile was not overdue at the time of arrest and that Olins had never authorized defendant’s use of the vehicle. The rental agreement forbids *424 use of the automobile by anyone but Upson, a condition apparently common to all such rental agreements. Defendant claims she knew the vehicle was a rental car but denies knowing the contents of the contract.
Subdivision 1 of section 165.05 of the Penal Law fastens the crime of unauthorized use on a person who ‘ ‘ Knowing that he does not have the consent of the owner * * * takes, operates, exercises control over, rides in or otherwise uses a vehicle ”. It also provides that “ A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent ”. The language of the statute does not require proof of specific criminal intent other than that demonstrated by the act itself. (People v. Niemann, 285 App. Div. 1165 [1955].)
In an effort to ascertain defendant’s intent, we look first to Upson’s relationship to Olins Eent-A-Car, the owner of the vehicle. It is beyond dispute that if Upson permitted his niece to borrow the car, he violated the rental agreement and may have incurred contractual penalties for so doing. But whether his breach of contract was a criminal act is doubtful.
Certainly, Upson himself could not be prosecuted successfully. The hour for returning the car had not expired. Even if he had failed to bring the automobile back to the rental agency at the stipulated hour, he would not be criminally liable.
Section 165.05 of the Penal Law provides punishment for a person who fails to return a borrowed car to its owner, only when the retention is so prolonged as to constitute a gross deviation from the borrowing agreement.
In People v. Alaboda (198 App. Div. 41 [3d Dept., 1921]) in which defendant was charged with violation of section 1293-a of the Penal Law, because of his failure to return an automobile for several days following the day scheduled for its surrender, the court, per Woodward, J., wrote (p. 45): “ Crime is not involved in a mere breach of contract, unless the Legislature has clearly and unmistakably decreed that this shall be the result. Assuming that the defendant did agree to have the car back the next morning by seven o’clock, he merely failed to keep his agreement— he breached the contract — -and was liable for any damages resulting, but he did not commit a crime, and it has never been the policy of the law to place it in the power of individuals to make that a crime which lacked the essential elements of an offense against society.”
In People v. Greenfield (40 Misc 2d 704, 706 [Sup. Ct., Bronx County, 1963]) Justice Samuel J. Silverman granting a motion *425 to dismiss the indictment wrote that People v. Alaboda (supra) was still the law and that in the absence of a demand by the commercial lessor for the return of a rented vehicle and the refusal to surrender, “ retention does not become a crime by the mere lapse of time Further, wrote Justice Silverman “ the rule may well be different if either the original taking was unauthorized (Block v. Standard Ins. Co. of N. Y., 292 N. Y. 270 [1944]; Schillachi v. Fountaine, 164 Misc. 567, 568 [Sup. Ct., Rensselaer County, 1937]) or there has been an actual demand to return the vehicle (People v. Smith, 2 Misc 2d 344 [County Ct., Wayne County, 1956]) ”.
In United States v. McLaughlin (278 F. Supp. 320 [U. S. Dist. Ct., 1967]) defendant had rented a car for two days. The car was discovered in front of defendant’s house two months later. Defendant explained that he could not pay the rental fee and was afraid to return it. The court found no evidence of an attempt by defendant to disguise the vehicle, change the plate or appropriate it in any way for his own benefit. Dismissing the charge, Judge G-asch wrote (p. 321): “To hold that one using a rented car in excess of authority given is subject to prosecution under the criminal laws, in the absence of adequate notice and attempts to recover possession of the car by civil process, would be tantamount to making a person criminally liable for a simple breach of contract. ’ ’
The question then is, whether the defendant, who apparently operated the automobile with her uncle’s consent, may be prosecuted.
The defendant moved for dismissal on several grounds.
First, she asserts that she did not have the intent to deprive the owner of possession.
Supporting that argument is the fact that she knew the custodian of the vehicle, her belief that her uncle had authority to permit her to operate it and had consented actively or impliedly to her use of it, and finally the undisputed fact that the car was not overdue for surrender to the rental agency at the time of defendant’s arrest.
Since there is no proof of defendant’s knowledge that she had no right to use the automobile nor proof of lack of consent by the owner to the use of the vehicle, or facts from which such knowledge or lack of consent may be inferred, the People must rely on the presumption created by the second sentence of subdivision 1 of section 165.05 that the person engaged in the taking, operation or use without the owner’s consent “ is presumed to know that he does not have such consent ”.
*426 A statutory presumption may be broadly defined as a legislative finding of a reasonable probability. When it can be asserted with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend, the presumption will be declared rational and thus not liable to rejection for unconstitutionality. (Turner v. United States, 396 TI. S. 398 [1970].)
The presumption, contrary to defendant’s assertion, should not be viewed as “ a device for forcing defendant to testify in explanation of their conduct, so that the People do not have the whole burden of proving guilty knowledge.” Bather, as stated by Fuu>, J. in People v. Terra (303 N. Y. 332, 334, 337 [1951]): “ Presumptions are no innovation in the field of criminal law. For many years legislatures have been enacting statutes providing that certain facts, which in themselves would be insufficient to justify a conviction, shall, when proved, constitute presumptive or prima facie evidence of the existence of the principal fact in issue. Although such provisions undoubtedly facilitate proof of guilt and the task of the prosecution, they are not, for that reason, to be condemned * * * The burden of proof upon the entire case, the duty of establishing guilt beyond a reasonable doubt, remains as ever with the prosecution. Defendant’s right to a fair trial continues undiminished; no hardship is imposed, no constitutional right or safeguard impaired.”
In an opinion rejecting an attack on the constitutionality of the presumption that the occupants of a stolen automobile do so in the knowledge that they lack the owner’s consent, Justice J. Irwih Shapiro wrote in People v. Crawford (56 Misc 2d 348, 351 [Sup. Ct., Queens County, 1968]): “ One who rides in a stolen car most probably has knowledge that it was stolen and aids and abets in its illegal use — if not in its theft.”
But while in a proper case the presumption may be relied upon to support the supposition that a stolen car is being operated without the owner’s consent, that conclusion may not flow from the unrelated premise — an authorized borrowing from a legitimate custodian, who is not the owner. (Ashford & Bisinger, “Presumptions, Assumptions, and Due Process in Criminal Cases: A Theoretical Overview ”, 79 Yale L. J. 165; “ The Constitutionality of Statutory Criminal Presumptions ”, 34 U. Chi. L. Bev. 141.)
The defendant also argues for dismissal of the charge in the interest of justice, since the defendant possessed the car with the consent of the lessee and engaged in conduct which the statute did not undertake to control.
*427 There is merit in defendant’s claim.
The former statute (Penal Law, § 1293-a) which originally labeled unauthorized operation of an automobile as larcenous, has been downgraded by enactment of section 165.05. That statute now recognizes that the offense is basically a borrowing rather than the deprivation of ownership implicit in larceny Van Vechten v. American Eagle Fire Ins. Co. (239 N. Y. 303 [1925]). Also, by making the crime a misdemeanor, the statute no longer connects the penalty with the value of the vehicle.
In its present form, the statute is addressed to joyriding founded on an illegal taking or to something akin to embezzlement — misuse by a person who obtained the vehicle legally for the purpose of repair or storage, or who hired it.
The facts of this case fit the illegal taking rather than the embezzlement pattern of conduct described in subdivisions 2 and 3 of section 165.05 of the Penal Law.
Joyriding statutes similar to New York’s are in force in every State. They too attenuate the criminal aspect of conduct which might otherwise be subject to the larceny standard, and require proof of ‘‘ felonious intent to appropriate another’s property permanently and wholly ” (Van Vechten v. American Eagle Fire Ins. Co., supra, p. 305).
The annotation in 9 ALB 3d 633 to State v. Eyle (236 Ore. 199 [1963]) dealing with the elements of the offense defined in “ joyriding ” statutes fails to disclose any case in which the person using a rented vehicle with the consent of the custodian has been held guilty of unauthorized use. Likewise, the extensive notes to People v. Turner (267 Cal. App. 2d 440 [1968]) annotated in 38 ALB 3d 949 under the heading “ Criminal Offenses in Connection with Bental of Motor Vehicles ” mentions no similar case in which the person borrowing the car from the lessee has been found guilty of operation without the owner’s consent.
Conceivably, a lessee might be prosecuted for unauthorized use or even larceny where there is proof of abandonment of the vehicle, removal from a State or other evidence of intent to deprive the owner permanently of possession of the automobile. Likewise, a lessee himself might be convicted if there was a statute such as that found in California (Cal. Vehicle Code, § 10855) that provides the intentional failure to return a rented vehicle to its owner within five days after expiration of the rental period, creates a presumption that defendant had embezzled the vehicle. However, no such statute exists in New York.
The court feels that the charge of unlawful possession must be dismissed.