Bernard F. McCaffrey J.
In this nonjury trial the court is called upon to determine the preliminary issue of the validity of the disclaimer by the self-insured respondent, Econo-Car International. The issue is presented pursuant to an application by petitioner, Banner Casualty Company, for a stay of arbitration pursuant to CPLR 7503.
*361 The parties stipulated, prior to the presentation of testimony, to the occurrence of a two-car accident on August 16, 1973 in Brooklyn, New York. Involved therein was an automobile owned by respondent Morris Lazar and operated by Julius Ginsberg, and an automobile owned by Econo-Car International and operated by one Rosetta Hall, who had a learner’s permit. Present in the latter car was a Talmadge Van Landingham. It was further stipulated that respondent Econo-Car International is a self-insurer.
There was only one witness at the trial, William J. Abery, the Northeast Regional Manager of Econo-Car International, who testified from the records of his employer. Mr. Abery testified that a Mr. Van Landingham (the afore-mentioned passenger in the Econo-Car International vehicle at the time of the accident) leased a car for a one-day rental on June 14, 1973, at which time he signed a contract and left a $50 deposit. Originally the leased automobile was to be returned on June 15, 1973, but thereafter the lessee submitted another $50 deposit and the rental was extended until June 22, 1973. The total charge for the monthly rental was $369.15, and Mr. Van Landingham paid $325 in deposits, Econo-Car International billed him the balance of $44.15 which he paid at Econo-Car International office in Daytona Beach, Florida. There was no testimony as to the date of this payment.
After 30 days the original lease was unilaterally terminated by Econo-Car International, and a new lease was prepared but never presented to, nor signed by the lessee.
According to the records, Mr. Van Landingham came into the rental office on August 1, 1973 and paid $105.85 for the balance due and as an additional deposit. It is noted on the record that he said he would be back the next day with an additional deposit, but he never returned. On August 3, 1973, Mr. Richard Tucker, Mr. Van Landingham’s uncle, and whose address and telephone number was left with Econo-Car by Mr. Van Landingham, a North Carolina resident, was contacted by telephone. He told the representative that Mr. Van Landingham was out of town, but would come in with the additional deposit by August 6, 1973. On August 7, 1973 a letter was sent to Mr. Talmadge Van Landingham at the home of Mr. Richard Tucker. This letter explained the required deposit necessary, if he was to continue the rental of the car. On August 8, 1973, a representative of Econo-Car, Mr. George Stathis, the local manager, went to the address given by Mr. *362 Van Landingham in the afternoon and again that night and he reported that no one was at home and that he did not see the car.
On August 9, 1973, the car was reported to the 103rd Precinct as being stolen. At this time Mr. Van Landingham was in arrears on his payments. The car was recovered at the time of the afore-mentioned accident and returned to EconoCar by the police.
Mr. Abery further testified that, although this company has records which would show whether or not Mr. Van Landing-ham made payment for the use of the car from August 1, 1973 to August 16, 1973, those records were not in the file of records he had present in court and from which he testified, and he himself had no personal knowledge if payment was made or not.
The moving papers, which instituted the instant proceeding, show that when served with a summons by the respondents, Morris Lazar, Jeffrey Lazar and Julius Ginsberg, for a cause of action arising out of the accident of August 16, 1973, the respondent self-insurer, Econo-Car International, denied operation and control of the leased vehicle contending the automobile was stolen. This, in effect, served as a disclaimer of insurance coverage. Thereafter, the respondents, Morris Lazar, Jeffrey Lazar and Julius Ginsberg, proceeded against petitioner, Banner Casualty Company, the insurer of the vehicle in which they were riding, seeking arbitration pursuant to the "New York Automobile Accident Indemnification” endorsement contained in the insurance policy covering their vehicle. The petitioner, Banner Casualty Company, now seeks a stay of the arbitration pursuant to CPLR 7503 asserting the disclaimer of the self-insurer Econo-Car International is not valid.
Thus, the issue presented to this court is whether the vehicle owned and leased by respondent Econo-Car International, a self-insurer, was a stolen or converted vehicle, and thereby in effect relieving them of coverage.
Based upon the credible evidence as presented at the trial and the controlling law, the court concludes that the petitioner, Banner Casualty Company, must prevail.
Section 388 of the New York State Vehicle and Traffic Law provides: "1. Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to *363 person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
Under section 388 of the Vehicle and Traffic Law, proof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner’s permission, express or implied, and that this presumption continues until there is substantial evidence to the contrary. (Leotta v Plessinger, 8 NY2d 449, 461; Cooperman v Ferrentino, 37 AD2d 474, opn supplemented 38 AD2d 945; Rivera v W. & R. Serv. Stat., 34 AD2d 115; Delancey v Nationwide Ins. Co., 26 AD2d 631.)
The respondent Econo-Car International seeks to overcome the presumption by presenting facts which tend to show that the lessee, Talmadge Van Landingham, failed to pay for or leave a proper deposit covering the period of time from August 1, 1973 until August 16, 1973, the date of the accident. The respondent contends that the lessee’s failure to pay was sufficient reason for Econo-Car to consider the car stolen, or, at least converted, and as such be sufficient grounds for the lessor not to be liable.
The court finds that this evidence is insufficient to rebut the presumption which holds the owner of the vehicle liable. The respondent, a car rental agency, is relying upon the fact of nonpayment to cancel a contract, which from the prior dealings between Econo-Car and Mr. Van Landingham could be at best considered open-ended. The original contract between the parties was for a one-day rental, which upon receipt of further payments was extended by Econo-Car to a monthly rental. This extension also resulted in a rate adjustment. Upon the conclusion of the first month, on July 14, 1973, a second contract was unilaterally prepared by Econo-Car, but was never presented to Mr. Van Landingham. No payment was made on this rental for a second month until August 1, 1973, at which time only partial payment was made. At this time Econo-Car did not request return of the rented vehicle, but instead, the auto remained in the possession of Mr. Van Landingham.
The Court of Appeals in MVAIC v Continental Nat. Amer. Group Co. (35 NY2d 260) recently examined the rental car issue and the public policy of the State, and concluded that *364 the general public must be protected in accidents involving rental cars even when there is a deviation from the private contract between the lessor and lessee.
In addition, the court finds the reporting by Econo-Car to the police of the theft of the auto is a unilateral act, which by itself does not create a situation by which this court must sustain their disclaimer and conclude that the auto was no longer being driven with their permission, expressed or implied. At the time of the accident it is not disputed that the vehicle was in the possession of the lessee. Nor is there any record or testimony which sets forth a demand was made upon the lessee, Talmadge Van Landingham, to return the vehicle and a refusal by him.
Subdivision 3 of section 165.05 of the New York Penal Law provides: "§ 165.05 Unauthorized use of a vehicle. A person is guilty of unauthorized use of a vehicle when: * * *
”3. Having custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, he intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.”
The courts in ruling on this section of the Penal Law, which was previously section 1293-a of the Penal Law, have held that a failure by a lessee of a car to return it to the commercial renter-lessor at the time stipulated is not a violation of the Penal Law; that at least in the absence of a demand by the owner and refusal by the lessee to deliver, the original renting and retention does not become a crime by the lapse of time. In these circumstances there is merely a breach of contract. (People v Alaboda, 198 App Div 41; People v Johnson, 71 Misc 2d 423; People v Greenfield, 40 Misc 2d 704.)
Thus, all that may have occurred is a mere breach of contract, and in considering the facts of this case, a breach of contract may even be questionable, especially since Econo-Car failed to produce records which would show whether or not Mr. Van Landingham ever made subsequent payment covering the remaining period in which he had the rental auto in his possession.
*365 The court further finds that the fact that the lessee allowed another person to drive the car, even one who was not licensed, is not enough to allow the owner self-insurer to disclaim. (Grant v Knepper, 245 NY 158; Brindley v Krizsa, 18 AD2d 971.) However, in any event, in this instance the respondent neither raises nor relies upon this as a basis for disclaimer.
Further, based upon the established practice by Econo-Car in this instance of a retroactive renewal of the leasing agreement, Econo-Car knew or should have known that the lessee would continue to operate the leased vehicle even though his payments might be in arrears. The court finds that there is no convincing evidence that the leased vehicle had been either converted or stolen.
Furthermore, the public policy of this State would not condone a practice where a self-insured car rental company would be permitted to allow a leased vehicle to operate on the roadways of the State of New York without maintaining the financial responsibility requirements. Therefore, in the event that Econo-Car desired to terminate the questionable renewal leasing arrangements with the lessee, it was then under a duty to other motorists to diligently take the proper steps to remove the vehicle from the roadways of New York, this they failed to do.
Therefore, the court finds as a matter of fact that the driver was operating the car with the actual permission of the lessee, and as a matter of law with the constructive consent of the lessor and with the permission envisioned by the financial responsibility provision of section 388 of the Vehicle and Traffic Law.
The court finds that the facts and governing law do not support the position of the respondent, Econo-Car International, a self-insurer, to disclaim insurance coverage, but rather they, as owners of the vehicle involved in the accident with' respondents, Morris Lazar, Jeffrey Lazar and Julius Ginsberg, are liable and responsible for the acts of the driver. Furthermore, the court finds that the petitioner, Banner Casualty Company, is entitled to a judgment staying the arbitration commenced by respondents, Morris Lazar, Jeffrey Lazar and Julius Ginsberg.