OPINION OF THE COURT
Stanley Gartenstein, J.
The within prosecution typifies an unfortunate increase in the use of the criminal justice system as a means for the collection of commercial obligations. The auto renting industry, having achieved the passage of a new unauthorized use statute (Penal Law, § 165.05, as amd by L 1978, ch 626) "[a]fter many years of trying” (Hechtman, 1978 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 39, 1979 Supplement, Penal Law, § 165.05, p 46), now prosecutes, through one of its rental agencies, on a new theory which, if given legal recognition, would create a nonstatutory crime.
Defendant stands charged with criminal possession of stolen property in the third degree (Penal Law, § 165.40), unauthorized use of a vehicle (Penal Law, § 165.05) and petit larceny (Penal Law, § 155.25). The purported "stolen property” is in fact a car duly rented by defendant from the complainant through the use of a credit card issued by complainant to defendant in the ordinary course of its business. Through some mystique we fail to comprehend, it is claimed that the automobile in question was "stolen”, within the meaning of the Penal Law, by virtue of the agency reporting it as such to the police. The novel theory supporting this characterization is rooted in defendant’s allegedly obtaining this credit card, *34 issued by the agency itself, by listing himself on his credit application as vice-president of a company by whom he was employed, and in furnishing an incorrect address. Instead of running a standard credit check as good business practice would dictate — and as this agency usually does — it issued a credit card to defendant through the apparent negligence of one of its own employees. When the error was discovered, the agency reported the car stolen and defendant found himself charged with the crimes listed.
Defendant moves to dismiss the complaint on its face for insufficiency.
The issue of a breach of contract or duty enforceable under the civil law forming a basis for criminal liability was discussed by the Honorable M. Marvin Berger in People v Johnson (71 Misc 2d 423). In this matter, the court dismissed a prosecution for unauthorized use under section 165.05 of the Penal Law, where a car was validly leased by a third person who breached the lease agreement by lending it to defendant. The text of the appropriate statute was, as here, subdivisions 1 and 3 of section 165.05 of the Penal Law which read as follows:
"A person is guilty of unauthorized use of a vehicle when:
"1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent; or * * *
"3. Having custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, he intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.
"For purposes of this section, 'a gross deviation from the agreement’ shall consist of, but not be limited to, circumstances wherein a person who having had custody of a vehicle for a period of fifteen days or less pursuant to a written agreement retains possession of such vehicle for at least seven days beyond the period specified in the agreement and continues such possession for a period of more than two days after service or refusal of attempted service of a notice in person or by certified mail at an address indicated in the agreement *35 stating (i) the date and time at which the vehicle was to have been returned under the agreement; (ii) that the owner does not consent to the continued withholding or retaining of such vehicle and demands its return; and that continued withholding or retaining of the vehicle may constitute a class A misdemeanor punishable by a fine of up to one thousand dollars or by a sentence to a term of imprisonment for a period of up to one year or by both such fine and imprisonment.”
In dismissing the prosecution, the court construed the statutory phrase "gross deviation” in the light of People v Alaboda (198 App Div 41, 45); which held that a "[c]rime is not involved in a mere breach of contract, unless the Legislature has clearly and unmistakably decreed that this shall be the result.” The Johnson court (71 Misc 2d 423, 424-425, supra) further cited People v Greenfield (40 Misc 2d 704) to the effect that the crime of unauthorized use could be sustained only if (a) the original taking was unauthorized (citing Block v Standard Ins. Co. of N. Y., 292 NY 270; Schillachi v Fountaine, 164 Misc 567); or (b) if an actual demand for return of the vehicle was made and refused (citing People v Smith, 2 Misc 2d 344). Neither of these contingencies occurred in Johnson. Nor do they occur here.
In United States v McLaughlin (278 F Supp 320) the United States District Court considered a situation in which a car was rented for two days and subsequently discovered in front of defendant’s home two months later. In dismissing a charge framed under a statute similar to the one before us, the court wrote (supra, p 321): "To hold that one using a rented car in excess of authority given is subject to prosecution under the criminal laws, in the absence of adequate notice and attempts to recover possession of the car by civil process, would be tantamount to making a person criminally liable for a simple breach of contract.”
Clearly, there being no remote resemblance between the facts charged herein and unauthorized use as defined by section 165.05 of the Penal Law, this charge is dismissed for facial insufficiency.
We move now to the remaining counts of petit larceny (Penal Law, § 155.25) and unlawful possession (Penal Law, § 165.40).
"A person is guilty of petit larceny”, reads section 155.25 of the Penal Law, "when he steals property.” In order to make *36 out this crime, section 155.05 of the Penal Law requires proof of an intent to "deprive” or "appropriate” the property in question. "The thrust of these terms”, writes Arnold D. Hechtman in the Practice Commentaries (McKinney’s Cons Laws of NY, Book 39, Penal Law, § 155.00, p 103), "is that they connote a purpose on the part of the thief to exert permanent or virtually permanent control over the property taken, or to cause permanent or virtually permanent loss to the owner of the possession and use thereof.” Obviously, defendant, who never had a chance to use the car he obtained legally with a credit card issued to him by complainant itself, cannot be said to have "stolen” it within those parameters of permanency required by the statute. It thus follows logically that the property, not being "stolen,” fails to inculpate its temporary holder for the crime of possession of stolen property under section 165.40 of the Penal Law.
What emerges most clearly from the foregoing is that none of the crimes charged are even remotely made out by the complaint.
We have considered alternate theories under which the facts herein might conceivably make out a crime and find no basis for culpability. To touch on a sampling: ,
A. The declarations on defendant’s application cannot fall within subdivisions 1 and 2 respectively of section 175.45 of the Penal Law (issuing a false financial statement), which requires either a representation of financial condition, or of current financial condition, which is materially inaccurate;
B. Nor can they qualify under section 155.05 (subd 2, par [d]) of the Penal Law (false promise), which requires a representation of intent to engage in particular conduct when there is no intent to engage in that conduct;
C. Nor under subdivision 1 of section 165.15 of the Penal Law (theft of services in the use of a stolen credit card) which requires the illegal use of a card belonging to another;
D. Nor under section 165.17 of the Penal Law (unlawful use of revoked or canceled credit card) which has no application to a card used prior to its revocation.
The court is aware that in an increasingly sophisticated mercantile economy, the legislative codification of crimes will of necessity lag behind the latest ingenuity of one who is intent on "hustling” the system. We are not unsympathetic to economic interests which are the targets of this ingenuity. *37 Nevertheless, it is appropriate to underscore the basic tenet that enforcement of civil obligations should be in the proper court. Even under the common law, it was recognized that contractual misrepresentations were actionable as civil wrongs under the law of torts only when they overflowed certain delineated boundaries; and as criminal wrongs when the parameters of civil wrongs were breached even further. In each instance, the response of the law becomes correspondingly more drastic. But basic to actionable misrepresentations, be they contractual, tortious or criminal, is that they be relied upon (Danann Realty Corp. v Harris, 5 NY2d 317; Arnold Constable Corp. v Chase Manhattan Mtge. & Realty Trust, 59 AD2d 666; People v Gross, 51 AD2d 191). In no event can a litigant exhibit negligence or indifference to basic economic precautions which are taken in every similar instance and then claim reliance (cf. Cudemo v Al & Lou Constr. Co., 54 AD2d 995).
Motion to dismiss granted.