OPINION OF THE COURT
Geoffrey J. O’Connell, J.
The court has considered the following papers: the notice of motion, dated October 9, 1986, and the answering papers, dated October 16, 1986.
The defendant, by her attorney, applies to dismiss the information accusing her of unauthorized use of a motor *457 vehicle in the third degree (Penal Law § 165.05 [3]) as not legally sufficient (CPL 170.30 [1] [a]; 170.35 [1] [a]; 100.40) and for discovery (CPL 240.20).
Penal Law § 165.05 (3) provides that a person is guilty of unauthorized use of a motor vehicle in the third degree when:
"Having custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, he intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.
"For the purposes of this section 'a gross deviation from the agreement’ shall consist of, but not be limited to, circumstances wherein a person who having had custody of a vehicle for a period of fifteen days or less pursuant to a written agreement retains possession of such vehicle for at least seven days beyond the period specified in the agreement and continues such possession for a period of more than two days after service or refusal of attempted service of a notice in person or by certified mail at an address indicated in the agreement stating (i) the date and time at which the vehicle was to have been returned under the agreement; (ii) that the owner does not consent to the continued withholding or retaining of such vehicle and demands its return; and that continued withholding or retaining of the vehicle may constitute a class A misdemeanor punishable by a fine of up to one thousand dollars or by a sentence to a term of imprisonment for a period of up to one year or by both such fine and imprisonment.”
THE FACTS
The District Court Information alleges that the defendant committed the crime of unauthorized use of a motor vehicle in the third degree on July 2, 1986. The accusatory portion of the information (CPL 100.15 [1]) recites the language of the first paragraph of Penal Law § 165.05 (3), but not the definition of "a gross deviation from the agreement”. The factual part then asserts: "Your Deponent, Rental Manager Austin Leasing Inc. did rent to the Defendant a 1978 AMC automobile, Registration Number 957-ZNE. Vehicle was to be returned on June 20, 1986. After numerous Telephone [sic] calls and a Registered Letter to the defendant, the vehicle was not returned, and *458 reported stolen in Nassau County Alarm Number 15448.” The information is subscribed and sworn on July 7, 1986.
Contained in the court file is a copy of the rental agreement and a postal receipt indicating delivery of an item to the defendant on July 3, 1986. The rental agreement which bears what purports to be the defendant’s signature provides for rental of a vehicle from June 6, 1986 to June 20, 1986. Not appended to the information nor included in the court file is a copy of the notice alleged to have been sent by "Registered Letter”. However, the defendant has furnished the court with a copy of a letter which defense counsel claims was received on "July 3, 1986 which is the same date that the defendant claims to have returned the vehicle to the complainant”.
The letter is dated June 25, 1986 and states that the defendant is in violation of the contract. "Furthermore, your conduct amounts to a stolen car offense.” The letter then advises the defendant: "If the car is not returned by 9:00 am June 17, 1986 [sic], at our office * * * this vehicle will be reported to the police as stolen.”
SUFFICIENCY OF THE INFORMATION
As the motor vehicle replaced the horse and buggy, the car rental business replaced the livery stable. Early on in the new business enterprise a renter, disappointed by his customer’s failure to return a vehicle, sought to invoke a statute criminalizing the unauthorized removal of an automobile from a garage. (Penal Law of 1909 § 1293-a.) In People v Alaboda (198 App Div 41, 45), the Appellate Division, Third Department, said: "Crime is not involved in a mere breach of contract, unless the Legislature has clearly and unmistakably decreed that this shall be the result.” It held that absent a demand for the return of the vehicle the renter’s lawful possession could not be rendered illegal or criminal. This holding retains its validity. (People v Lawrence, 102 Misc 2d 32; People v Johnson, 71 Misc 2d 423; cf., People v Smith, 2 Misc 2d 344.)
In 1978 the Legislature amended Penal Law § 165.05 (3) to "subject short-term car renters to criminal liability for failure to return a rental car on time. (L. 1978, c. 626).” (Hechtman, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.05 [1987 Pocket Part], p 159.) The amendment was accomplished by including within the definition of "gross deviation from the agreement” the retention of a rented vehicle "for at least seven days beyond the *459 period specified in the agreement and continues such possession for a period of more than two days after service * * * of a notice”. This statute, like that discussed in People v Alaboda (supra), is in derogation of the common law and must be strictly construed.
For an information to be sufficient on its face pursuant to CPL 100.40 (1) the factual nonhearsay allegations must establish each and every element of the crime charged. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.40, p 67.) In the instant case there is no allegation of continued possession for more than two days after service of notice. Moreover, no copy of the notice has been furnished and the notice supplied by the defendant appears to be defective. What the defendant claims to have received contains no notice that the "stolen car offense” is a "class A misdemeanor punishable by a fine of up to one thousand dollars or by a sentence to a term of imprisonment for a period of up to one year or by both”.
Having concluded that the information is not sufficient on its face, it is unnecessary to address the defendant’s discovery request.
The motion to dismiss is granted.