OPINION OF THE COURT
Angela Mazzarelli, J.
This omnibus motion primarily concerns the sufficiency of a complaint which charges the defendant, Darryl Carrington, with unauthorized use of a vehicle (Penal Law § 165.05).
According to the complaint, sometime prior to March 31, *123 1987, defendant rented a car from Budget Rent-a-Car and agreed to return the car on March 31. He failed to do so and Budget Rent-a-Car reported the car to the police as stolen. Three weeks later, the defendant was stopped by the police while he was driving the car, and found to possess 12 vials of cocaine.
He was arrested, with his codefendant passenger, on charges of criminal possession of stolen property in the third degree (Penal Law § 165.50), criminal mischief (Penal Law § 145.05) and criminal possession of a controlled substance (Penal Law § 220.03). The case against the codefendant was subsequently dismissed. The charge against Carrington of criminal possession of stolen property was reduced from the third degree (Penal Law § 165.50) to the. fifth degree (Penal Law § 165.40), the criminal mischief charge (Penal Law § 145.05) was dismissed, and a charge of unauthorized use of a vehicle in the third degree (Penal Law § 165.05) was added. The drug charge remained the same.
Defendant now moves for dismissal of the charge of unauthorized use of a vehicle on the grounds of insufficiency of the information, claiming that it does not make out a prima facie case. (CPL 100.15.) He also moves for preclusion of identification testimony, a Sandoval hearing, discovery and a bill of particulars.
Penal Law § 165.05 (3), unauthorized use of a vehicle in the third degree, reads as follows:
"Having custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, he intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.
"For purposes of this section 'a gross deviation from the agreement’ shall consist of, but not be limited to, circumstances wherein a person who having had custody of a vehicle for a period of fifteen, days or less pursuant to a written agreement retains possession of such vehicle for at least seven days beyond the period specified in the agreement and continues such possession for a period of more than two days after service or refusal of attempted service of a notice in person or by certified mail at an address indicated in the agreement stating (i) the date and time at which the vehicle was to have *124 been returned under the agreement; (ii) that the owner does not consent to the continued withholding or retaining of such vehicle and demands its return; and that continued withholding or retaining of the vehicle may constitute a class A misdemeanor punishable by a fine of up to one thousand dollars or by a sentence to a term of imprisonment for a period of up to.one year or by both such fine and imprisonment.
"Unauthorized use of a vehicle in the the third degree is a class A misdemeanor.”
The subject information charges defendant, in pertinent part, as follows: "deponent is informed by Manny Tines, fleet manager of Budget Rent-a-Car that informant is the custodian of said automobile, that defendant Carrington had rented said car and failed to return it on the due date, March 31, 1987, that defendants no longer had permission or authority to take, possess or use said car valued at in excess of $3000.00.”
Defendant’s motion to dismiss is premised on a claim that the People have failed to comply with the second paragraph of Penal Law § 165.05 (3). He contends that the paragraph defines the necessary and indispensable elements of the offense. More exactly, he claims that under the statute the complaint must allege, as part of the prima facie case, that the complaining witness has waited seven days after the expiration of the rental period before sending a certified demand letter to the lessee and that two days have elapsed since receipt of the letter by the lessee without his returning the car to the lessor. The subject complaint contains no such allegation.
The prosecutor correctly refutes this claim by pointing out that (1) these collection procedures and the definition of "gross deviation from the agreement”, of which they are part, only apply in the case of cars rented for fewer than 15 days (the length of the rental period is not mentioned in the complaint) and (2) in any event this definition, on its face, is nonexclusive by virtue of the clause that states a " 'gross deviation from the agreement’ shall consist of, but not be limited to” (Penal Law § 165.05 [3] [emphasis added]). Since this definition is not an exclusive one, the prosecutor’s failure to follow it is not fatal to his ability to make out a prima facie case of gross deviation from the agreement. It should be noted that the inapplicability to this case of the second paragraph of Penal Law § 165.05 (3) results from ineffective legislative drafting. *125 As originally passed in 1965, subdivision (3) comprised only its first paragraph and was rightly considered difficult to enforce effectively owing to its inherent vagueness. That vagueness stemmed from the absence of a definition for the stated standard of review, i.e., "gross deviation from the agreement” (Governor’s mem, L 1978, ch 626, 1978 McKinney’s Session Laws of NY, at 1828). In 1978 the second paragraph - was enacted in an attempt to remedy the deficiency. The added paragraph, as shown above, offers a nonexclusive definition of "gross deviation from the agreement”. Outside this narrowly circumscribed "safe harbor” for prosecutors and complaining witnesses, there remains to impose liability only the vague wording of the first paragraph.
We are returned, therefore, to the question whether the information withstands scrutiny under the first paragraph of the section. Now basing its analysis on the unelaborated term "gross deviation from the agreement”, the court finds that case law obliges it to dismiss the instant information for its failure to recite a demand for return by lessor and refusal by lessee. Moreover, it finds that defendant’s conduct does not rise to any reasonable definition of "gross deviation from the agreement”.
From the beginning, courts have been reluctant to construe the failure to return a rented vehicle punctually, without more, as anything more serious than a breach of contract. In People v Alaboda (198 App Div 41 [3d Dept 1921]), the Appellate Division examined the case of a rented car kept past expiration of the rental period, in light of the predecessor to Penal Law § 165.05, former Penal Law § 1293-a, the joyriding statute. That statute proscribed the taking or use of a car without the owner’s permission. The court found the Legislature could not have intended, in a case where consent was initially given, "to involve the hirer in a crime by a mere lapse of time”. (People v Alaboda, supra, at 45.) The outcome would have been different had an actual conversion taken place, i.e., a demand for return of the car and a refusal to do so on the part of the renter. The reasoning of that case, and the reluctance to trap the unwary or careless into a crime, have persisted ever since in New York case law.
It has become law that a prosecution for unauthorized use of a car cannot be sustained unless either (1) the original taking was unauthorized or (2) an actual demand for return of the vehicle has been made and refused. (People v Smith, 2 Misc 2d 344 [Wayne County Ct 1956]; People v Greenfield, 40 *126 Misc 2d 704 [Sup Ct, Bronx County 1963]; People v Johnson, 71 Misc 2d 423 [Crina Ct, Queens County 1972]; Banner Cas. Co. v Lazar, 81 Misc 2d 360 [Sup Ct, Nassau County 1975]; People v Rice, 65 AD2d 132 [1st Dept 1978].) This case law gloss was evidently accepted gracefully by the Legislature in passing Penal Law § 165.05 (3), second paragraph.
This court does not find that a stolen car report made to the police can be construed as an honest demand. Courts have frowned on the rental car industry’s attempt to use the police department as an inexpensive collection agency. (People v Lawrence, 102 Misc 2d 32 [Crim Ct, NY County 1979]; United States v McLaughlin, 278 F Supp 320 [US Dist Ct, DC 1967].)
Even were this not the case, however, there is another aspect to the information that this court finds deficient. It concerns the definition of "gross deviation” in terms of the length of time the car is retained.
In essence, the statute speaks of retaining the car for so lengthy a period beyond the agreed-upon time for return that the retention becomes a gross deviation from the contract. The question becomes: how lengthy need the period be to constitute a gross deviation from the agreement?
The information only recites, as evidence of the agreement, that defendant had agreed to return the car on March 31 and that he did .not do so and was found in possession of the car three weeks after that date. The expression "gross deviation from the agreement”, as noted above, is defined in the statute only in the case of a car rented for 15 days or less. In that case, a gross deviation would be retention of the car for a period half again as long as the rental period.
While the definition of "gross deviation” in the case of a car rented for longer than 15 days remains open, the notes of the Committee on the Revision of the Penal Law and Criminal Code do furnish a suggestive and illustrative example. According to the Committee, if the defendant rented a car for an afternoon, drove it to Florida and kept it there for six months, he would have committed a gross deviation from the agreement. While this example concerns a rental period of less than 15 days, it accompanied the passage of the first paragraph of the relevant section, and presumably was meant to give a sense of scale and proportion. The Practice Commentaries in McKinney’s Consolidated Laws of NY (Book 39, Penal Law § 165.05, at 219) by Arnold D. Hechtman mentions this example as deterring frivolous prosecutions.
*127 Clearly, therefore, the retention must be for a period in relation to the rental period and under circumstances that on their face exclude the reasonable inference that the defendant had intended to return the car. It was specifically contemplated that the statute was not to be used as a routine collection device.

t

The critical fact herein is that no possibility of judging the nature of the deviation, be it outrageous or otherwise, is afforded to the court. Only by a comparison of the rental period to the length of retention beyond expiration of that rental period could the court judge whether a prima facie case of "a gross deviation from the agreement” has been made out. An indispensable element of the crime has been omitted, to wit, the terms of the agreement itself.
For the foregoing reasons, the charge of Penal Law § 165.05 (3) is dismissed.
Defendant’s motion for preclusion is academic. Since no notice of intention to offer identification testimony was given at arraignment, none can now be used at trial. (CPL 710.30.) The District Attorney’s bill of particulars and response to discovery request are sufficient. Defendant’s Sandoval motion is referred to the trial court.