OPINION OF THE COURT
Darrell L. Gavrin, J.
The defendant is charged with violating Penal Law § 165.05 (3), unauthorized use of a vehicle in the third degree.
Defendant moves for an order granting him: dismissal of the accusatory instrument for facial insufficiency. The People oppose defendant’s motion. After reviewing the defendant’s motion, the People’s response, and all of the papers contained in the court file, this court rules as follows.
FACIAL SUFFICIENCY
It is well settled that a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977]; see also, People v Alejandro, 70 NY2d 133 [1987].) As to form, every information must contain an accusatory part and a factual part. (CPL 100.15 [1].) The allegations of the factual part of the information, together with those of any supporting depositions which accompany it, must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information. (CPL 100.40 [1] [b].) Substantively, an information must allege facts of an evidentiary nature, as conclusory statements are inadequate. (People v Dumas, 68 NY2d 729 [1986].) Nonhearsay allegations of the factual part of the information and/or supporting depositions must establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]; People v Alejandro, supra).
UNAUTHORIZED USE OF A VEHICLE IN THE THIRD DEGREE
Pursuant to Penal Law § 165.05 (3), a person is guilty of unauthorized use of a vehicle in the third degree when:
"[h]aving custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, he intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.
*748 "For purposes of this section 'a gross deviation from the agreement’ shall consist of, but not be limited to, circumstances wherein a person who having had custody of a vehicle for a period of fifteen days or less pursuant to a written agreement retains possession of such vehicle for at least seven days beyond the period specified in the agreement and continues such possession for a period of more than two days after service or refusal of attempted service of a notice in person or by certified mail at an address indicated in the agreement stating (i) the date and time at which the vehicle was to have been returned under the agreement; (ii) that the owner does not consent to the continued withholding or retaining of such vehicle and demands its return; and that continued withholding or retaining of the vehicle may constitute a class A misdemeanor punishable by a fine of up to one thousand dollars or by a sentence to a term of imprisonment for a period of up to one year or by both such fine and imprisonment.”
Defendant, relying on People v Carrington (139 Misc 2d 122 [Crim Ct, NY County 1988, Mazzarelli, J.]), contends that the instant charge must be dismissed for failure of the People to allege a demand for the vehicle’s return by the lessor and a refusal by the lessee, as well as the failure of the People to allege the terms of the agreement itself. The People do not address the Carrington decision in their response. Instead, they aver that the lessor’s efforts to contact and make demand upon the defendant were obviated by the defendant’s supplying an incorrect address and disconnected telephone number, and that this satisfies the demand requirement. Moreover, the People contend that the fact that the defendant retained the vehicle past the rental period and gave a false address and telephone number satisfy the "gross deviation” requirement for this offense.
The court notes that the nonexclusive definition of what constitutes "gross deviation” provided by Penal Law § 165.05 (3) gives as an example a situation wherein an individual withholds possession for almost half as long as the period of the original rental agreement itself (seven days beyond the period of the agreement where the duration of the agreement is for 15 days or less).* In addition, such possession or retention must continue for more than two days after service or refusal of attempted service in person or by certified mail at an address *749 indicated in the agreement of a demand by the lessor for the vehicle’s return, revoking the continued possession of the vehicle by the defendant. It appears that the rationale behind these requirements is that the statute in question was not intended to be used as a routine collection device by rental car agencies. (See, e.g., People v Lawrence, 102 Misc 2d 32 [Crim Ct, NY County 1979]; People v Carrington, supra.) The example of "gross deviation” supplied by the statute was intended to give a sense of scale and proportion as to how egregious the defendant’s retention must be in relation to the original rental period, as well as under what circumstances that retention must continue in order to exclude a reasonable inference that the defendant intended to return said vehicle. (People v Carrington, supra.)
Thus, in order to properly charge this offense, the People must allege: (1) the terms of the rental agreement, in particular, the duration of the agreement; (2) that the retention by the defendant was so lengthy in proportion to the duration of the agreement as to constitute a "gross deviation” from that agreement; and (3) a demand for return by the lessor and refusal by the lessee. (See, People v Carrington, supra.)
Reviewing the accusatory instrument in the case at bar, this court finds that it adequately recites a demand for return of the vehicle by the owner. Other courts have held insufficient an allegation that the owner merely filed a stolen car report with the police. (See, e.g., People v Dov, NYLJ, Nov. 20, 1991, at 25, col 2 [Crim Ct, Queens County, Hershey, J.]; People v Carrington, supra.) However, the instant case involves a unique set of facts. The allegations herein are not only that the vehicle was reported stolen, but that the defendant lessee supplied the complainant lessor on two occasions with a nonexistent address and a disconnected telephone number. In particular, the supporting deposition submitted by the People alleges, in pertinent part: "Mr. Johnson presented us with his driver’s license and verbally gave us his address. In both instances, the address did not exist. He never returned the rented vehicle to us and his telephone was disconnected. We went to his house but the address did not exist * * * He explained that the address of 103-22 Queens Blvd. was an error by the Dept. Of Motor Veh., and should of [sic] been 108-22 * * * After he left, we checked his address and that too (108-22) is a lie unless he lives inside of an Italian Restaurant”.
The above factual allegations were apparently handwritten by the complainant, on a standard supporting deposition form, *750 below the boilerplate language that "Harris Glasser being duly sworn depose and say that I have read the accusatory instrument in the above entitled action and the facts stated to be on information furnished by me are true upon my personal knowledge” and on the same page as the required statutory warnings that "false statements are punishable as a class A misdemeanor, pursuant to Section 210.45 of the Penal Law”. While the format is somewhat unorthodox, it i« not contrary to the mandates of GPL 100.40.
Substantively, the statutory requirement that a demand be served does not mandate any type of investigative work as was undertaken by the lessor in this case to verify the defendant’s address. All that is required by the statute is that service or refusal of attempted service of the notice be effectuated in person or by certified mail at an address indicated in the rental agreement. In the instant case, it is alleged that the lessor personally visited the address of the defendant, to demand return of the vehicle, and that said address did not exist. The lessor’s efforts to contact and make demand upon the defendant were obviated by the alleged actions of the defendant in supplying an incorrect address. The aforementioned allegations give rise to an inference that the defendant acted to evade the lessor’s efforts to contact him, and hence, did not intend to return the vehicle. Therefore, this court finds that the demand requirement was more than satisfied in the case at bar.
However, as to the requirement that the delay in returning the vehicle be so lengthy as to rise to the level of a "gross deviation” from the agreement, this court finds the instant instrument lacking. This requirement manifestly requires that the court weigh the period of retention against the length of the rental agreement.
The instant accusatory instrument states that the vehicle was to be returned to the owner by April 30, 1996, that it was reported stolen on May 9, 1996, and that the defendant was found behind the wheel of the vehicle on May 10, 1996, 10 days from when it was expected to be returned. The instrument is silent as to the length of the rental agreement. This omission is critical insofar as it affords the court no opportunity to judge the nature of the deviation. (See, People v Carrington, supra.) The People’s failure to allege an indispensable element of the crime, to wit, the duration of the agreement, precludes such a determination.
Accordingly, the charge of Penal Law § 165.05 (3), unauthorized use of a vehicle in the third degree, is dismissed. The *751 People are granted leave to replead the instrument to allege the terms of the rental agreement in accordance with this decision and the requirements set forth in the Criminal Procedure Law.

 This court notes that the statute only defines the term "gross deviation” within the parameters of a rental agreement of 15 days’ duration or less.