THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE RICE, Appellant.

First Department, November 30, 1978

## APPEARANCES OF COUNSEL

*Michael Young* of counsel *(Goldberger, Feldman & Dubin,* attorneys), for appellant.

*Daniel Taub* of counsel *(Billie Manning* with him on the brief; *Mario Merola, District Attorney),* for respondent.

## OPINION OF THE COURT

MURPHY, P. J.

For purposes of this appeal, the testimony of the prosecution witnesses will be fully credited.

At 3:00 A.M. on October 14, 1975, the defendant was stopped for speeding by two police officers. They requested defendant's license and registration. He produced his license and an automobile rental agreement that expired eight days earlier. The defendant informed the officers that he had orally extended the agreement with the rental agency. The officers then ran a "license" check on the defendant but not a "plate" check on the vehicle.

In a private discussion at the rear of the rented vehicle, the officers took cognizance of the fact that the defendant had spoken in a loud voice, that his hand shook, and that he had observed them in his rear view mirror. One of the officers also "believed" that the defendant was carrying a gun. The officers then frisked the defendant outside the vehicle. This frisk revealed the presence of a gun on defendant's person. A search of the vehicle, at the arrest site and at the precinct, led to the discovery of a substantial amount of heroin. Later that morning, the officers confirmed the fact that the leasing agreement had been orally extended.

In *People v Marsh* (20 NY2d 98, 101), the Court of Appeals stated that "the Legislature never intended to authorize a search of a traffic offender unless, when the vehicle is stopped, there are reasonable grounds for suspecting that the officer is

in danger or there is probable cause for believing that the offender is guilty of a crime rather than merely a simple traffic infraction."

■ In this proceeding, the defendant's behavior did not afford the officers reasonable grounds to believe that they were being threatened. The defendant, as many other individuals stopped for speeding by police officers in the early morning hours, was not totally composed. This fact cannot justify the ensuing search. It is clear from the testimony that the search was improperly predicated upon a mere "belief" or "hunch" of one arresting officer *(People v Cantor,* 36 NY2d 106, 113).

■ Likewise, the officers did not have probable cause to arrest the defendant for unauthorized use of a vehicle under subdivision 3 of section 165.05 of the Penal Law. Under the predecessor statute, section 1293-a of the Penal Law, the failure of a commercial lessee of a car to return it to the lessor at the stipulated time was not a crime but a breach of contract in the absence of any demand by the lessor for its return and a refusal to deliver by the lessee. *(People v Alaboda,* 198 App Div 41; *People v Greenfield,* 40 Misc 2d 704.) Thus, it was incumbent upon the officers to run a "plate" check to determine whether the lessor had made a "demand" for the return of the car in the form of a stolen car report. Since the officers did not run a plate check, they did not have probable cause to arrest the defendant for unauthorized use of a vehicle in this commercial setting. Had the officers made such a check, it is evident that they would not have had "probable cause" to make an arrest for unauthorized use for the vehicle was not stolen. In making this determination, we do not preclude the possibility that, in different factual circumstances, the retention of a vehicle for eight days longer than the specified time of return could constitute a "gross deviation" that would give the police probable cause to make an arrest under this statute.

Accordingly, the judgment of the Supreme Court, Bronx County (OSTRAU, J., at suppression hearing; COHEN, J., at plea and sentence), rendered February 15, 1977, convicting defendant upon his plea of guilty to one count of criminal possession of a controlled substance in the second degree and two counts of criminal possession of a gun in the third degree and sentencing him accordingly, should be reversed on the law,

the motion to suppress should be granted and the indictment dismissed.

LUPIANO, MARKEWICH, SANDLER and SULLIVAN, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered February 15, 1977, unanimously reversed, on the law, the motion to suppress granted and the indictment dismissed.