### (January 11, 1979)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GREEN, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered March 25, 1977, upon a verdict convicting defendant of the crime of sexual abuse in the first degree. While the complainant's testimony in this case could have been considered by a jury as essentially leading the defendant on to a point of sexual aggressiveness, the evidence is such as to constitute proof beyond a reasonable doubt of the crime of sexual abuse in the first degree. Accordingly, the contention of the defendant as to a failure of proof of a forcible compulsion is not established (see *People v Ayers,* 65 AD2d 862). Furthermore, the defendant's contention that the trial court abused its discretion in refusing to preclude the prosecution from cross-examination of defendant as to a prior conviction of menacing *(People v Sandoval,* 34 NY2d 371) is not well founded *(People v Duffy,* 36 NY2d 258, 262, 264). The defendant did not present any evidence at the hearing on this question to indicate that the underlying facts of the prior conviction were similar to the instant case. The intentional aspect of menacing (Penal Law, § 120.15) would tend to affect credibility as a deliberate disregard of other people's rights. Finally, the defendant contends that the court erred in not charging the offense of menacing (Penal Law, § 120.15) as a lesser offense of the crime charged. CPL 300.50 (subd 1) empowers the court with the discretion to charge a lesser included offense "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater". The rule is well established that upon request by a party, the

court must submit a lesser offense upon a finding that two conditions are satisfied. In *People v Henderson* (41 NY2d 233, 235), the rule was reiterated: "One of these conditions is that the relationship of the alternative crimes to one another must be such that it is 'impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree', the statutory definition of a 'lesser included offense' (CPL 1.20, subd 37). The second, summarily stated, is that there must exist a 'reasonable view of the evidence' under which it could be found that a defendant committed the lesser included offense but did not commit the greater one *(People v Johnson,* 39 NY2d 364, 367; *People v Shuman,* 37 NY2d 302, 304; *People v Mussenden,* 308 NY 558)." (See, also, *People v Johnson,* 45 NY2d 546.) It should first be noted that menacing is not contained within article 130 of the Penal Law entitled "Sex Offenses", but it is not necessary to decide what relationship may exist between sex offenses and menacing. It is sufficient here to state that there was under the above-cited cases no justification for the request to charge and the denial thereof was not error under the facts herein. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.