OPINION OF THE COURT
Louis R. Rosenthal, J.
After Judge trial and prior to sentence, defendant moves to set aside his conviction of menacing on the ground that a threat of rape, does not, as a matter of law, constitute placing the complainant in fear of imminent serious physical injury. Motion is denied. The facts of this case indicate that the threat of rape was real. This, coupled with the fact that rape, indeed, is a serious physical injury, mandate conviction after defendant’s guilt is proved beyond a reasonable doubt.
The defendant, Larry Jackson, was charged in an information with the crimes of attempted sexual misconduct (Penal Law, §§ 110.00, 130.20), and menacing (Penal Law, § 120.15), both misdemeanors, as well as with harassment (Penal Law, § 240.25), a violation. After the People’s case, the court granted the defendant’s motion to dismiss the charge of sexual misconduct as the People failed to make out a prima facie case. At the end of the nonjury trial, the court found defendant guilty of menacing and harassment.
The court finds the facts as adduced by the credible evidence at trial to be as follows: The complaining witness, *583 an 18-year-old high school student, entered the elevator of her apartment building with the defendant. The complainant egressed from the elevator at the fifth floor with the defendant following her. The complaining witness was walking up to the sixth floor, when the defendant, walking behind the complainant, grabbed her over the mouth and stated “I am going to rape you.” Complainant then screamed and ran out of the stairwell to her apartment.
In deciding this motion, the court must answer two issues in order to sustain defendant’s conviction of the crime of menacing: Whether the fear of rape is equivalent to the fear of serious physical injury? And if so, whether the defendant’s conduct placed the complaining witness in fear of being raped?
The basis of defendant’s motion to set aside the verdict is that there was insufficient evidence as a matter of law to warrant defendant’s conviction of the crime of menacing. Defendant contends that his conduct does not rise to a violation of the menacing statute, section 120.15 of the Penal Law, which reads: “A person is guilty of menacing when, by physical menace, he intentionally places or attempts to place another person in fear of imminent serious physical injury.” In effect, defendant argues that the threat of rape together with the conduct displayed by the defendant during the afore-mentioned described incident does not amount to placing or attempting to place the complaining witness in fear of imminent serious physical injury.
Subdivision 10 of section 10.00 of the Penal Law defines serious physical injury as “physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.” (See, also, Penal Law, § 10.00, subd 9.) The defendant argues, citing a number of cases as examples of serious physical injury, that the fear of rape is not the equivalent of the fear of serious physical injury. Although a broken jaw (People v Katz, 290 NY 361), a fractured skull (People v Ozarowski, 38 NY2d 481), stab wounds in the head and back causing an inability to open the hand (People v Gray, 47 AD2d 674), fractured bones and a cut throat (People v Salisbury, 64 AD2d 763) and *584 protracted impairment of an eye function (People v Rumaner, 45 AD2d 290) are all examples of serious physical injury, they are by no means an all inclusive list.
A male is guilty of rape[1] in the first degree when he engages in sexual intercourse with a female by forcible compulsion (Penal Law, § 130.35, subd 1). Forcible compulsion is defined as “physical force which is capable of overcoming earnest resistance; or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself”. (Penal Law, § 130.00, subd 8.) Therefore, through a substitution of “equal terms” via the transitive property of equality, a threat of rape is threat that a male will engage in sexual intercourse with a female by physical force which is capable of overcoming earnest resistance or by a threat, express or implied, that the male will place the female in fear of immediate death or serious physical injury. Thus, a genuine threat of rape, by definition, constitutes a fear of serious physical injury.
The court need not engage in legal gymnastics to arrive at such a conclusion. To be aware of events in the society is to recognize that murder and serious assaults are often associated with the crime of rape. The fact that resistance by a rape victim increases the likelihood of injuries and doubles the chances of serious injuries requiring hospitalization places the potential rape victim in a “Catch 22” situation. (Forcible Rape: A National Survey of the Response by Prosecutors, National Institute of Law Enforcement and Criminal Justice, Law Enforcement Assistance Administration, March 1977, p 14; cited in People v Dorsey, 104 Misc 2d 963, 967.)
The history of New York’s felony murder statute furnishes the court with the Legislature’s thinking regarding certain violent crimes. Former subdivision 2 of section 1044 of the Penal Law dealt with a killing perpetrated during the commission or attempted commission of any felony. Under the current felony murder statute, subdivision 3 of section 125.25 of the Penal Law, the crime of murder in the second degree is narrowed by the enumera *585 tion of a list of specified felonies — all involving violence or a substantial risk of physical injury — as the only ones forming a basis for felony murder. (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 125.25, subd 3, p 398.) Rape in the first degree is one of the enumerated felonies that the Legislature thought involved violence or a substantial risk of physical injury.
Civil rights and women’s rights groups have long been aware of the problems that women as potential victims of nonconsensual sex offenses faced in terms of proving the guilt of sex offenders. In 1974, the Legislature recognized some of these problems and eliminated the need to corroborate the complainant’s testimony to prosecute and to convict a defendant of the crimes of forcible rape, sodomy, or sexual abuse.[2] (Penal Law, § 130.16.)
In People v Yanik (55 AD2d 164, 167), the First Department held that “Rape is not committed unless the woman opposed the man to the utmost limit of her power”. Subdivision 8 of section 130.00 of the Penal Law was thereafter amended to reflect the Legislature’s opposition to the “utmost resistance” standard. The legislative intent was “to modify the resistance requirement in the definition of forcible compulsion so that the victim need only offer so much resistance as is reasonable under the circumstances”. (L 1977, ch 692, § 1; see Hechtman, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, 1980-1981 Pocket Part, Penal Law, § 130.00, subd 8, p 230.) Thus, earnest resistance now “means resistance of a type reasonably to be expected from a person who genuinely refuses to participate in sexual intercourse, deviate sexual intercourse or sexual contact, under all the attendant circumstances. Earnest resistance does not mean utmost resistance.” (Penal Law, § 130.00, subd 8; see, also, People v Dorsey, 104 Misc 2d 963, supra, for a discussion of the use of force and the degree of resistance in the crime of rape.)
*586 Despite amendments in the Penal Law that tend to lessen the burden that the prosecutor and the female victim of a sex crime need to sustain in order to convict, no Legislature or law can lessen the physical pain, mental anguish, fear and long-term impairment to the physical and mental health of a rape victim. It is universally recognized that a rape victim has endured a serious physical injury. The legal community has also acknowledged the violent nature of the crime by including rape under the felony nnirder statute. Victims of rape suffer a serious physical injury. Sexual intercourse against the will of a woman, which rises to the crime of rape, even though there is no physical beating or striking, is and constitutes serious physical injury. Many women who are attacked sexually forfeit their lives rather than endure the trauma of rape. Yet not all victims of rape are murdered or disfigured or even beaten by their assailants. This pain, however, is not momentary. It is prolonged and permanent. Most rape victims suffer a protracted impairment of health, physical and mental.
With the finding that the fear of rape is equal to the fear of serious physical injury, the court must determine whether the defendant’s conduct placed the complaining witness in fear of being raped.
Defendant, relying on People v Stephens (100 Misc 2d 267), contends that verbal threats alone do not constitute the crime of menacing. In Stephens, the defendant threatened complainant by stating that he had a gun and was going to blow complainant’s head off. Defendant then reached into his pocket. The Stephens court held that the defendant must commit a physical act which in and of itself places another person in fear of imminent serious physical injury. (Supra, p 268.) The court held that reaching into the pocket alone does not constitute a physical menace.
In the present case, the complaining witness, an 18-year-old high school student entered an elevator in the building in which she lived, with the defendant. The defendant is a 25-year-old man of average build. The complaining witness exited the elevator on the fifth floor with the defendant, a stranger, following. Between the fifth and sixth floor landings in the stairwell, the defendant grabbed the complain *587 ant from behind covering her mouth and stated “I am going to rape you.” Perhaps this statement alone does not constitute the crime of menacing. Yet, the statement together with the act of grabbing from behind, to surprise, and covering the mouth, to silence, plus the place where the incident occurred, as well as, the age and sex differences between the two parties does constitute menacing. The defendant’s physical conduct occurring in an isolated stairwell gave the complainant every reason to believe that the defendant intended to accomplish what he stated. Thus, the defendant intentionally placed the complainant in fear of imminent rape.
Defendant also appears to argue that the defendant could not commit the crime of menacing, as a matter of law, if he was acquitted of attempted sexual misconduct. To bolster this theory, the defendant cited People v Green (67 AD2d 756). Green dealt with the trial court’s refusal to charge menacing as a lesser included offense of sexual abuse in the first degree. The Third Department held that there was no justification for such a request to charge under the facts and the cases cited. Yet, this presents no true dichotomy as demonstrated in the First Department’s holding in Matter of Warren D. (67 AD2d 625). In Matter of Warren D., the defendant’s action consisted of thrusting a knife through the open window of a token booth at a subway station and stating to the transit employee within, “I should kill you” and “I should rob.” The defendant was convicted of attempted robbery and menacing. The Appellate Division, First Department, reversed the appellant’s conviction for attempted robbery as his conduct could not be found beyond a reasonable doubt to constitute guilt under the definitions thereof (supra; Penal Law, §§ 110.00, 160.15). Yet the court sustained the defendant’s conviction of the menacing charge. In the case now before this court, the attempted sexual misconduct charge was dismissed at the end of the People’s case. The defendant’s actions did not rise to attempted sexual misconduct. Defendant’s conduct, however, did amount to menacing in that the defendant, by physical menace, did intentionally place the complaining witness in fear of imminent rape — a serious physical injury.
*588 Defendant’s conduct under all the circumstances was legally sufficient to constitute the crime of menacing. Accordingly, defendant’s motion to set aside the guilty verdict is denied.

. The elements of rape in the first degree are nearly identical to that of sexual misconduct (compare Penal Law, § 130.35, with § 130.20; and see People, v Dailey, 94 Misc 2d 941).

. Corroboration of a complainant’s testimony continues to be required in cases where the alleged victim is deemed by law to be incapable of consenting to the act because she is under age or is mentally defective or mentally incapacitated.