■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARKE STEELE, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Demakos, J.), all rendered July 12, 1984, convicting him of burglary in the second degree and grand larceny in the third degree under indictment No. 5069/83, upon a jury verdict, and convicting him of burglary in the second degree under indictment No. 4987/83 and criminal possession of a weapon in the third degree under indictment No. 2000/84, respectively, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered on indictment No. 5069/83 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of his statement to a police officer.

Ordered that the judgments are affirmed.

For the first time on appeal, the defendant maintains that his inculpatory statement, elicited by an interrogating police officer, was obtained in violation of his right to counsel *(see, People v Bartolomeo,* 53 NY2d 225). Employing this contention as a predicate, the defendant further contends that he was deprived of the effective assistance of counsel because, at his *Huntley* hearing, his attorney failed to "adequately develop the issues" in support of the *Bartolomeo* claim *(see, People v Bartolomeo, supra).* There is nothing, however, in the record establishing that the defendant had, in fact, been represented by an attorney at the time he made the inculpatory statement or that any other criminal action was pending against him *(see, People v Rosa,* 65 NY2d 380; *People v Kinchen,* 60 NY2d 772; *People v Ryans,* 118 AD2d 741). Accordingly, we cannot, on this record, conclude that counsel failed to provide effective representation to the defendant. As we have previously held, the appropriate vehicle by which to obtain review of the defendant's claim of ineffective assistance of counsel is through the commencement of a proceeding pursuant to CPL article 440 *(see, People v Jones,* 114 AD2d 974, *lv denied* 67 NY2d 653; *People v Harris,* 109 AD2d 351, 360, *lv denied* 66 NY2d 919; *cf., People v Donovon,* 107 AD2d 433, 443-444).

Further, we discern no basis for disturbing the hearing court's determination that the defendant was apprised of, and thereafter voluntarily and knowingly waived his constitutional rights prior to making his statement to the investigating officer *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Newson,* 68 AD2d 377, 387).

We have reviewed the defendant's remaining contentions

and find them to be either unpreserved for appellate review or lacking in merit. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.