■ In the Matter of AKIDA L., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Deutsch, J.), dated March 24, 1989, which, upon a fact-finding order of the same court, dated December 19, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of menacing, adjudged him to be a juvenile delinquent and placed him on probation for 12 months. The appeal brings up for review the fact-finding order dated December 19, 1988.

Ordered that the order of disposition is reversed, on the law and the facts, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

We agree with the appellant's contention that the evidence adduced at the fact-finding hearing did not prove beyond a reasonable doubt his guilt of committing an act which, if committed by an adult, would have constituted the crime of menacing. The crime of menacing requires that a person, by physical menace, intentionally place or attempt to place another person in fear of imminent serious physical injury *(see,* Penal Law § 120.15). The presentment agency's evidence indicated that on September 28, 1988, the appellant was part of a group of boys who surrounded the complainant, Michael B. The group pushed and shoved Michael, and one person punched him on the left jaw. However, the group of boys were not armed, and Michael testified that the appellant neither punched nor kicked him. In addition, a school security officer observed the boys from across the street. He immediately ran toward the group, causing them to disperse, and he further

estimated the duration of the entire incident to have been about one minute. Subsequently, Michael did not request or need medical attention. Under these circumstances, we find that the evidence was legally and factually insufficient to establish the crime of menacing because it did not establish that the complainant had a well-founded fear of serious physical injury (cf., *People v Baum*, 143 AD2d 1024; *Matter of Ramon M.*, 109 AD2d 882; *People v Jackson*, 109 Misc 2d 582). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.