■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SIMMONS, Appellant. [635 NYS2d 373] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count 13 of the indictment in accordance with the following Memorandum: Defendant contends that his statement to the police was obtained in violation of his right to counsel. Although the issue may be raised for the first time on appeal *(see, People v Banks,* 53 NY2d 819, 821; *People v Dyson,* 221 AD2d 1004 [decided herewith]), the record does not contain facts sufficient to permit appellate review of that contention *(see, People v Steele,* 135 AD2d 673, *lv denied* 70 NY2d 1011; *People v Donovon,* 107 AD2d 433, 440-442, *lv denied* 65 NY2d 694). Defendant further contends that defense counsel's failure to develop a sufficient factual record at the suppression hearing constitutes ineffective assistance of counsel. Because that contention rests upon matters outside the record, it is not subject to review on direct appeal *(see, People v Ford,* 184 AD2d 1013, *lv denied* 80 NY2d 929; *People v Robinson,* 122 AD2d 173, 175, *lv denied* 68 NY2d 1003). Rather, "the appropriate vehicle by which to obtain review of the defendant's claim of ineffective assistance of counsel is through the commencement of a proceeding pursuant to CPL article 440 [citations omitted]" *(People v Steele, supra,* at 673).

We reject the contention that defendant was denied a fair trial by cumulative error. The court properly amended the fifth count of the indictment to correct a clerical error *(see, People v Spann,* 56 NY2d 469, 473; *People v Acevedo,* 215 AD2d 115, *lv denied* 85 NY2d 969). Defendant's contention that the court erred in submitting the four counts charging criminal use of a firearm to the jury has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Garner,* 174 AD2d 1028, 1029, *lv denied* 78 NY2d 966; *People v Bones,* 103 AD2d 1012), and we decline to exercise our power to address it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

Defendant's conviction of endangering the welfare of a child under count 13 of the indictment must be reversed and a new trial granted on that count because the court erred in its supplemental instruction to the jury. In response to the question whether "knowingly" can be interpreted as "should have known", the court instructed the jury to evaluate defendant's conduct "from the standpoint of a reasonable person" and determine whether that person "should have known and been aware that their conduct would have been injurious to the physical, mental, or moral welfare of a child." A person is guilty of endangering the welfare of a child only when he acts knowingly (Penal Law § 260.10 [1]; § 15.05). Because the degree of culpability required by the statute is actual knowledge, it was reversible error to charge the jury that it could find defendant guilty based upon what he should have known *(see, People v Price,* 19 AD2d 730). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.