*488 OPINION OF THE COURT
Memorandum.
Judgment of conviction for endangering the welfare of a child unanimously reversed upon the law and facts, accusatory instrument dismissed and fine, if paid, remitted.
Defendant was found guilty of the subject misdemeanor, as well as the traffic infractions of driving while impaired (Vehicle and Traffic Law § 1192 [1]), failure to dim high beams (Vehicle and Traffic Law § 375 [3]) and failure to stay in traffic lane (Vehicle and Traffic Law § 1128 [a]). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we determine that it could not be rationally found that the essential elements of endangering the welfare of a child (Penal Law § 260.10 [1]) were established beyond a reasonable doubt.
Penal Law § 260.10 (1) provides that a person is guilty of the subject offense when he “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.” Thus, it requires that the defendant act “knowingly” (see, Penal Law § 15.05 [2])* and in a manner which is “likely” to be injurious to the welfare of the child. It is insufficient for the People to prove merely that the defendant “should have known” that his conduct was likely to be injurious to the welfare of the child, since the degree of culpability required by the statute is actual knowledge (People v Simmons, 221 AD2d 994, lv denied 88 NY2d 885). With respect to the term “likely,” we note that conduct which clearly raises a risk of injury to a minor does not necessarily make such injury “likely.” A motorist who, while transporting a child, speeds, slides past a stop sign, passes a red light, fails to restrain the child in a seat belt or commits some other traffic infraction might readily be alleged to have “knowingly” acted in a manner “likely” to be injurious to the physical welfare of the child, if the instant terms are too loosely construed. Indeed, with such a construction, many, if not most, motorists would over the course of a lifetime commit misdemeanors, thereby meriting a “criminal record” (see, Penal Law § 10.00 [6]).
The evidence admitted in the case at bar showed, inter alia, that defendant was driving while impaired as a result of his *489 consumption of alcohol. He failed to lower his high beams in response to signals from a police car as he approached it on the roadway. The police officer made a U-tum and followed defendant for a distance of 800 to 900 feet, during which time defendant drove with all four tires on the shoulder of the road. Defendant did not respond to the police car’s overhead lights and only stopped when a siren was activated. The time was about 1:30 a.m. on October 29, 1997, and there was no traffic on County Road 80 in Quogue. Absent from the record is the required evidence to show how unsafe, if at all, the shoulder was at the subject location. Nor does it appear that there was evidence of defendant speeding or swerving in a manner perilous to the infant passenger. It does appear that the infant had been restrained in a car seat in the rear of defendant’s car by her mother, defendant’s friend. Under the circumstances, it was not established beyond a reasonable doubt that defendant acted “knowingly” or that his conduct was “likely” to be injurious to the child.
In so holding, we neither condone defendant’s conduct nor wish to imply that whenever a defendant commits only a traffic infraction while a child is in his vehicle, he should be deemed not guilty, per se, of endangering the welfare of a child (Penal Law § 260.10). The evidence in a given case might evince conduct so egregious as to establish the requisite knowledge and a true likelihood of injury which is not “speculative” (cf., People v Simmons, 92 NY2d 829, 831). In the case at bar, however, these elements were not sufficiently proven.
We are cognizant of the seriousness of drinking and driving, in view of the accidents, sometimes fatal, which do occur (see, People v Cruz, 152 Misc 2d 436, 440, n). The Legislature, on the other hand, has chosen to grade the gravity of such conduct as felony, misdemeanor and traffic infraction (Vehicle and Traffic Law § 1193). Accordingly, we would be loath to trample into its province by deciding, in effect, that whenever a defendant has been found guilty of the traffic infraction of driving while impaired (Vehicle and Traffic Law § 1192 [1]) with the additional element of there being a child present in his vehicle, he should also be deemed guilty of an accompanying misdemeanor charge of endangering the welfare of a child (Penal Law § 260.10 [1]).
DiPaola, P. J., Floyd and Doyle, JJ., concur.

 Penal Law § 15.05 (2) states, “A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.” (Emphasis added.)