OPINION OF THE COURT
Karen Morris, J.
Defendant is charged with two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), speeding (Vehicle and Traffic Law § 1180 [d]), no insurance (Vehicle and Traffic Law § 319 [1]), and endangering the welfare of a child (Penal Law § 260.10). At the time of the arrest defendant’s four-year-old son was a passenger in the vehicle defendant was driving.
The defendant has moved to dismiss the charge of endangering the welfare of a child based on People v Chase (186 Misc 2d 487 [App Term 2000], lv denied 95 NY2d 962 [2000]). In that case defendant was convicted of endangering the welfare of a child, driving while impaired, failing to dim high beams, and failing to stay in the traffic lane. The court reversed the *561 defendant’s conviction on the endangering charge, finding that “it could not be rationally found that the essential elements of endangering the welfare of a child were established beyond a reasonable doubt” (at 488).
The basis for the court’s decision was the requirement for endangering the welfare that defendant’s acts are “likely” to be harmful to a child less than 17 years old. Said the court (at 488), “conduct which clearly raises a risk of injury to a minor does not necessarily make such injury ‘likely’.” Absent a “true likelihood of injury which is not speculative” (at 489), the charge of endangering the welfare of a child has not been proven. In so holding the court acknowledged the effect of drinking and driving on accidents, and the primacy of the Legislature in determining what constitutes a crime.
The case before me is distinguishable from Chase. Defendant herein is charged with driving while intoxicated, not impaired. Defendant’s blood alcohol content (BAG) is alleged to be .18. An additional charge pending against defendant is speeding on Elmwood Avenue 19 miles per hour over the designated rate of 35 miles per hour. I will take judicial notice that Elmwood Avenue is a significant traffic artery in the Town of Brighton. It is also heavily residential, involving vehicles regularly entering and exiting the road, and pedestrians crossing, biking, and otherwise using the street, all requiring the ability of motorists to stop easily and quickly as needed.
Courts have held that actual harm is not required to sustain a charge of endangering the welfare of a child, provided facts exist to show a nexus between a knowing act by defendant and potential or likely (not just speculative) harm to a child. (People v Simmons, 92 NY2d 829 [1998]; People v Grajales, 179 Misc 2d 793 [Crim Ct, Bronx County 1999].)
In the following cases defendant was convicted of endangering the welfare of a child for driving while intoxicated with a young person in the vehicle and the charge was upheld on appeal, although the specific issue in Chase was not raised: People v Rackis (195 AD2d 893 [3d Dept 1993]); People v DeFayette (241 AD2d 761 [defendant was driving a motorcycle with a BAC of .22 with his unhelmeted son as a passenger]); People v Cruz, 152 Misc 2d 436 [Crim Ct, NY County 1991]).
In the case at bar I find that the allegations of defendant driving with a BAG of .18 and speeding 19 miles over the limit in a residential area create a serious risk, significantly beyond the realm of speculative, that defendant will lose control of the car and cause an accident resulting in injury to his young *562 passenger. I further find that the likelihood of such an accident is sufficient to support the charge of endangering the welfare of a child. I therefore deny defendant’s motion to dismiss.