■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUL LOPEZ, Appellant. [782 NYS2d 639]—Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), rendered June 3, 2002, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him to a term of five years, unanimously affirmed.

Defendant's arguments concerning the court's responses to notes from the deliberating jury are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court meaningfully responded to each of the jury's notes by providing the specific information that jury requested (*see People v Steinberg*, 79 NY2d 673, 684-685 [1992]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE ZEIFMAN, Appellant. [782 NYS2d 461]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 2, 2003, convicting defendant, after a jury trial, of endangering the welfare of a child, and sentencing him to a conditional discharge for a period of one year and 50 hours of community service, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility, including its rejection of defendant's incredible testimony, which was contradicted by the statements he made at the scene. Credible testimony from disinterested bystanders, along with medical evidence, established that defendant forcefully kicked a five-year-old child, causing him to fall against a wall. Defendant's conduct created the type of risk to a child contemplated by the statute (Penal Law § 260.10 [1]). The fact that defendant was acquitted of the assault and attempted assault charges does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.