*19 OPINION OP THE COURT
Memorandum.
Judgment of conviction affirmed.
The accusatory instrument, which charged defendant with unlawful imprisonment in the second degree (Penal Law § 135.05) and unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [3]), alleged, inter alia, that defendant entered an automobile dealership and asked to test-drive a vehicle. While test-driving the vehicle, defendant ignored the passenger salesman’s instruction as to the route of the test drive and traveled an additional, substantial distance on Route 17, rejecting the salesman’s demands that he either return to the dealership or relinquish control of the vehicle. The accusatory instrument also alleged that the salesman attempted unsuccessfully to wrest control of the vehicle from defendant and that defendant yielded possession only after the salesman exited the vehicle when it was “in traffic.”
On appeal, defendant contends that whereas the facts alleged in the accusatory instrument may have supported a charge under Penal Law § 165.05 (1), which sanctions even a transitory and minimal unauthorized use of an automobile (People v Roby, 39 NY2d 69, 71 [1976]; People v McCaleb, 25 NY2d 394, 397 [1969]; People v Gray, 154 AD2d 547, 547 [1989]), absent a written agreement regarding the terms of the nature and duration of defendant’s use of the vehicle, a charge under Penal Law § 165.05 (3) does not lie. We do not agree with defendant’s contention that subdivision (3) is limited to prosecutions for violations of written agreements. The statute contains no such limiting language. It merely requires that the People allege and prove a “gross deviation” from the manner and duration of use specified in any agreement, without regard to whether the agreement is oral or written. The illustration of “gross deviation” set forth therein serves merely to establish the magnitude of the deviation required to establish the offense in the event the accused takes possession of the vehicle pursuant to a written agreement, and by its terms does not limit prosecutions under subdivision (3) to such agreements. Construing the accusatory instrument, as we must, according to the criteria of People v Casey (95 NY2d 354 [2000]), we find that it sufficed to allege the conditions under which defendant was permit *20 ted to use the vehicle and that his use grossly deviated therefrom.
Finally we perceive no abuse of discretion with respect to the trial court’s Sandoval ruling (People v Hayes, 97 NY2d 203, 207 [2002]; People v Caldwell, 23 AD3d 576 [2005]; People v Green, 67 AD2d 756 [1979]; People v Godin, 50 AD2d 839 [1975]), and conclude that the trial proof was legally sufficient to support the verdicts (People v Contes, 60 NY2d 620 [1983]; see People v Gonzalez, 80 NY2d 146, 150 [1992]; People v Boyd, 122 AD2d 273, 275 [1986]), and that the verdicts were not against the weight of the evidence (CPL 470.15 [5]).
Rudolph, P.J., Angiolillo and Tanenbaum, JJ., concur.