OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
Defendant James McDonald is charged with unauthorized use of vehicle in the third degree for failure to return his employer’s car, given to defendant for use during his employment, after his employment relationship ended. Defendant has moved the court to dismiss the misdemeanor information on the ground that it fails to satisfy jurisdictional requirements. Defendant’s arguments raise novel legal issues warranting the court’s consideration.
Facts
According to the verified information, complainant Abdul AlMaleki hired defendant James McDonald to perform handyman work on his rental property in Rochester, New York. To help defendant perform his work, Mr. Al-Maleki allowed him to use his 2003 Chevrolet Avalanche. On June 18, 2011, when the employment relationship terminated, Mr. Al-Maleki asked defendant to return his car to him. According to Mr. Al-Maleki, defendant refused to do so. Consequently, the instant criminal charge was lodged against defendant.
Legal Analysis
Certain legal principles govern the sufficiency of a misdemeanor accusatory instrument. To pass jurisdictional muster, a misdemeanor information must allege nonhearsay facts of an evidentiary nature that support or tend to support the charges. (See CPL 100.15 [3]; People v Dumas, 68 NY2d 729, 731 [1986].) In addition, the accusatory instrument’s allegations, if true, *444 must establish every element of the offense charged. (See CPL 100.40 [1] [c]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Henderson, 92 NY2d 677, 679 [1999].)
According to the accusatory instrument, Mr. Al-Maleki:
“allowed the defendant to use his personal vehicle in order to perform the handy-man work, and . . . the defendant has not returned the vehicle, and, is in fact now refusing to return the vehicle to the complainant. . . . Complainant also states that he has spoken to the defendant on the telephone to ask him to return the car, and the defendant makes verbal threats to harm the complainant and his family, specifically, that he will kidnap his children.”
Defendant argues that these allegations fail to satisfy jurisdictional requirements in two respects. First, according to defendant, these allegations fail to establish an essential element of the offense. Second, according to defendant, the offense of which he is accused applies only where a vehicle is possessed by a defendant pursuant to a written rental agency agreement, and not to the kind of verbal agreement between two individuals alleged in this action.
Both arguments must be evaluated by reference to the applicable criminal statute. Under Penal Law § 165.05 (3), a person commits the crime of unauthorized use of a vehicle in the third degree when he or she:
“[hjaving custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, . . . intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.”
Defendant maintains, first, that the information’s assertions are insufficient because there is no allegation that when he gave his car to defendant, Mr. Al-Maleki told defendant to return the car at a “specified time.” According to defendant, the vehicle owner’s communication to the defendant of a particular time for the vehicle’s return is an essential element of the crime, and the absence of an allegation that complainant specified a return time renders the accusatory instrument jurisdictionally defective.
The court concurs with defendant that the communication of a “specified time” by which a defendant is required to *445 return a vehicle to the owner is an essential element of unauthorized use of vehicle in the third degree under Penal Law § 165.05 (3). The court nevertheless disagrees with defendant that the “specified time” element required by the criminal statute is inadequately alleged.
The New York Court of Appeals has repeatedly cautioned that the factual allegations in a misdemeanor information must be read in a fair, reasonable and commonsense manner that is “not overly restrictive or technical.” (People v Casey, 95 NY2d 354, 360 [2000].) The purpose of the factual assertions is to give the defendant sufficient notice to prepare a defense. So long as they do so, the lack of precision in the factual allegations does not invalidate the accusatory instrument.
Read in a fair, reasonable, and commonsense manner, “the fair implication of these averments” establish that complainant gave his personal car to defendant to use for the duration of his employment as complainant’s handyman, and that when his employment with complainant ended, defendant failed to return the car. (People v Casey, 95 NY2d at 360.)
The “specified time” by which defendant was to return Mr. Al-Maleki’s vehicle was the duration of defendant’s employment. The identification of a particular calendar date for the car’s future return is not a requisite element of Penal Law § 165.05 (3). To the contrary, the ordinary meaning of the term “specified time” includes not only calendar dates and hours of the day, but periods of time marked by the passage of particular events. (See McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232; People v Finley, 10 NY3d 647, 654 [2008]; Negrin v Norwest Mtge., 263 AD2d 39, 45 [2d Dept 1999] [words of common usage in a statute are to be given their ordinary meaning].)
Therefore, in addition to a particular calendar deadline, the “specified time” element in the statute includes a period of time that is circumscribed by reference to the performance of certain actions (for example, upon the completion of a project) or by the conclusion of a condition (for example, upon the return of the borrower’s own car from the auto body shop), or by the end of a relationship with the lender (for example, upon the end of the lendee’s employee status). To interpret the “specified time” element in a more restrictive fashion is supported neither by logic nor by the common understanding of the words themselves.
Defendant argues, second, that Penal Law § 165.05 (3) applies exclusively to situations in which the parties entered into a *446 written agreement for the rental of a vehicle, and the defendant refused to return the vehicle to the rental agency following a demand. To support his proposition, defendant observes that most of the published decisions discussing this provision involve situations with written agreements with vehicle rental agencies. (See People v Tuozzo, 82 AD 2d 813 [2d Dept 1981]; People v Rice, 65 AD2d 132 [1st Dept 1978]; People v Johnson, 169 Misc 2d 746 [Crim Ct, Queens County 1996]; People v Carrington, 139 Misc 2d 122 [Crim Ct, NY County 1988]; People v Keestanuk, 135 Misc 2d 456 [Nassau Dist Ct 1987]; but see People v Graham, 14 Misc 3d 18 [App Term, 9th & 10th Jud Dists 2006] [Penal Law § 165.05 (3) applicable to automobile dealer test drive situation].)
It is true that no published decision authorizes the application of Penal Law § 165.05 (3) where, absent a written agreement, one person retains another person’s vehicle in a noncommercial situation. But it is equally true that no published decision analyzing Penal Law § 165.05 (3) holds or implies that the law does not apply to such situations.. Indeed, the provision’s words themselves make it clear that the law’s scope is not limited in this manner.
The first paragraph of Penal Law § 165.05 (3), quoted above, refers to a person’s custody of a vehicle pursuant to an “agreement,” not a “written agreement.” In defining “a gross deviation from the agreement” — a necessary element of the crime— the second paragraph of Penal Law § 165.05 (3) refers to a person who has custody of a vehicle for a short period of time “pursuant to a written agreement.” But that paragraph expressly provides that this definition “shall . . . not be limited to” the described circumstances.
Any doubt as to whether Penal Law § 165.05 (3) applies where one person retains custody of another person’s vehicle in a noncommercial context is erased by the Practice Commentary to Penal Law § 165.05. According to the commentary: “Subdivision three is exemplified by a person who borrows a car in New York for an afternoon and drives it to Florida, keeping it there for six months.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.05, at 184 [2010], citing Staff Notes of Commn on Rev of Penal Law, 1964 Proposed NY Penal Law, 1964 Spec Pamph, at 355-356.)
Plainly, the commentary’s illustration far more resembles the alleged circumstances in this case than those involving a person’s failure to return a vehicle rented from a rental agency. *447 Thus, that defendant is alleged to have possessed complainant’s car pursuant to a verbal agreement, and not pursuant to a written rental agency agreement, does not vitiate the charge of Penal Law § 165.05 (3) in this action. (See People v Graham, 14 Misc 3d at 19 [provision is applicable to person who retained custody of automobile dealer’s car during a test drive].)
Conclusion
For the reasons discussed above, defendant’s motion to dismiss the accusatory instrument charging him with unauthorized use of a vehicle in the third degree under Penal Law § 165.05 (3) is denied.