**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**174**
**KA 11-01548**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

JON P. ENGELSEN, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR APPELLANT.

FIANDACH & FIANDACH, ROCHESTER (EDWARD L. FIANDACH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered May 9, 2011. The order, among other things, granted in part defendant's motion to dismiss the indictment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, defendant's omnibus motion is denied in its entirety and counts two and four of the indictment are reinstated.

Memorandum: The People appeal from an order granting those parts of defendant's omnibus motion seeking to dismiss counts two and four of the indictment, charging defendant with endangering the welfare of a child (Penal Law § 260.10 [1]). Upon our review of the sealed grand jury minutes, we agree with the People that the evidence before the grand jury was legally sufficient to support a prima facie case of endangering the welfare of a child. "A person is guilty of [that crime] when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (*id*.). "Actual harm to the child need not result for criminal liability [to be imposed. Rather,] it is 'sufficient that the defendant act in a manner which is *likely* to result in harm to the child, *knowing* of the likelihood of such harm coming to the child' " (*People v Johnson*, 95 NY2d 368, 371, quoting *People v Simmons*, 92 NY2d 829, 830 [emphasis added]).

Even assuming, arguendo, that the evidence before the grand jury, viewed in the light most favorable to the People (*see People v Manini*, 79 NY2d 561, 568-569; *People v Pelchat*, 62 NY2d 97, 105), does not establish that defendant's conduct was likely to be injurious to the physical welfare of the subject children (*see generally People v Chase*, 186 Misc 2d 487, 488-489, *lv denied* 95 NY2d 962; *cf. People v D'Ambrosia*, 192 Misc 2d 560, 561-562), we conclude that the evidence established that defendant's conduct was likely to be injurious to

their mental or moral welfare. We note that defendant's alleged conduct is not limited to operating a motor vehicle while intoxicated and with the children in the vehicle as passengers.

We reject defendant's contention that his intoxication rendered him incapable of "knowingly" acting in a manner that would place the children at risk (Penal Law § 260.10 [1]). Although "evidence of intoxication . . . may be offered by the defendant whenever it is relevant to negat[e] an element of the crime charged," intoxication "is not, [in itself], a defense to a criminal charge" (§ 15.25), and an intoxicated person may be capable of forming criminal intent (*see People v Scott*, 111 AD2d 45). The question whether defendant's intoxication destroyed his ability to form the requisite intent is one for the jury to resolve at trial (*see id.; People v Leary*, 64 AD2d 825).

Entered:  February 17, 2012                    Frances E. Cafarell
                                               Clerk of the Court