OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is modified, on the law and as a matter of discretion in the interest of justice, by *36 vacating the conviction of endangering the welfare of a child and dismissing the count of the accusatory instrument charging that offense; as so modified, the judgment of conviction is affirmed.
Defendant was charged with endangering the welfare of a child (Penal Law § 260.10 [1]) and harassment in the second degree (Penal Law § 240.26 [1]).
The facts adduced at a jury trial established that defendant was a coach of a youth football team of 10-year-old boys. On September 9, 2010, defendant’s team participated in a scrimmage with a youth football team of 11-year-old boys. During the scrimmage, an 11 year old allegedly hit several of the 10 year olds after several plays had been completed, knocking them down. The People presented evidence that, as a result of the actions of the 11 year old, when a particular play during the scrimmage had ended and prior to the commencement of the next play, defendant ran across the field and knocked the 11 year old down. Defendant presented evidence, including testimony on his own behalf, that he did not strike the 11 year old; that if there was contact, it was limited or accidental; and that, in any event, his actions were justified. Following the trial, defendant was convicted of the charged offenses. On appeal, defendant contends, among other things, that the District Court erred in declining to charge the jury with the defense of justification.
Upon a review of the record, we find that the District Court correctly declined to charge the jury with the defense of justification regarding the count of harassment in the second degree pursuant to Penal Law § 35.10 (1), which provides that a
“parent, guardian or other person entrusted with the care and supervision of a person under the age of twenty-one or an incompetent person . . . may use physical force, but not deadly physical force, upon such person when and to the extent that he reasonably believes it necessary to maintain discipline or to promote the welfare of such person” (emphasis added).
Contrary to defendant’s contention, defendant was entrusted with the care and supervision only of the 10 year olds of the team he coached. He was not entrusted with the care and supervision of the 11 year olds (see People v Amoah, 6 Misc 3d 129[A], 2005 NY Slip Op 50041[U] [App Term, 1st Dept 2005] [defendant entitled to use physical force reasonably necessary to promote the welfare of the incompetent person under her *37 supervision]; see also People v Gary, 87 AD2d 655 [1982]; cf. People v Jackson, 65 Misc 2d 909 [App Term, 1st Dept 1971], aff'd 30 NY2d 734 [1972]; People v Mummert, 183 Misc 243 [Nassau County Ct 1944]). Thus, as the physical force defendant used upon the 11 year old was not physical force upon a person who was under his care and supervision, the justification defense provided by Penal Law § 35.10 (1) was not available to defendant.
The District Court also correctly declined to charge the jury with the defense of justification regarding the count of harassment in the second degree pursuant to Penal Law § 35.15 (1), by which
“[a] person may . . . use physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend . . . a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person” (emphasis added).
Viewing the evidence in the light most favorable to defendant, his actions occurred as a particular play during the scrimmage had ended, and prior to the commencement of the next play. To the extent defendant reasonably believed that he was defending the 10 year olds that he was coaching from the use of unlawful physical force by the 11 year old, such use of force was no longer imminent (see People v Johnson, 91 AD3d 1121, 1122 [2012]; People v Bennett, 279 AD2d 585 [2001]; People v Victor, 176 AD2d 769 [1991]). Thus, it cannot be said that defendant reasonably believed that he was defending the 10 year olds he was coaching from the imminent use of physical force by the 11 year old. Moreover, defendant had several alternatives to running across the field and knocking the victim down, such as calling a time-out or ordering his team off the field. In light of these alternatives, defendant was not entitled to a justification charge pursuant to Penal Law § 35.15 (1), which, in any event, would not have permitted him to use more force than was necessary to defend the 10 year olds on his team.
Although defendant does not argue on appeal that the evidence was legally insufficient to support the conviction of endangering the welfare of a child, we reach this issue by exercising, as a matter of discretion in the interest of justice, our “jurisdiction to consider any question of law ‘involving error or defect in the criminal court proceedings which may have adversely affected the appellant’ . . . regardless of whether the *38 question is raised on appeal” (People v Badine, 301 AD2d 178, 180 [2002], quoting CPL 470.15 [1]; see CPL 470.35 [1]; Matter of Stagnar v Stagnar, 98 AD2d 983 [1983]; People v Stubbs, 30 AD2d 932 [1968]).
Penal Law § 260.10 (1) provides that a person is guilty of endangering the welfare of a child when he or she “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old” (emphasis added). Penal Law § 15.05 (2) provides that “[a] person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.” The People must prove beyond a reasonable doubt that the defendant was aware that his conduct was likely to result in harm to a child, and that such harm was likely to occur, not that it was merely possible, as “conduct which clearly raises a risk of injury to a minor does not necessarily make such injury ‘likely’ ” (People v Chase, 186 Misc 2d 487, 488 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]; see People v Hitchcock, 98 NY2d 586, 591 [2002]; People v Simmons, 92 NY2d 829, 830 [1998]). The People must also prove that the defendant had “actual knowledge” of the injurious consequences of his or her actions (People v Simmons, 221 AD2d 994, 995 [1995]). Proof that the defendant “should have known” of such consequences is not enough (People v Chase, 186 Misc 2d at 488). However, a person need not commit an affirmative act directed at a child or cause actual harm to be guilty of endangering the welfare of a child (see People v Hitchcock, 98 NY2d at 591).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find, under the particular facts and circumstances of this case, that the People failed to prove, beyond a reasonable doubt, that defendant knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of the minor (see Malte v State of New York, 125 AD2d 958 [1986]; People v Johnson, 27 Misc 3d 1239[A], 2010 NY Slip Op 51103[U] [Crim Ct, Queens County 2010]; People v Thompson, 9 Misc 3d 1123[A], 2005 NY Slip Op 51768[U] [Mount Vernon City Ct 2005]; compare People v Zeifman, 11 AD3d 288 [2004]; People v Fields, 134 AD2d 365 [1987]; People v Nelson, 2 Misc 3d 133[A], 2004 NY Slip Op 50151[U] [App Term, 1st Dept 2004]; People v Abraham, 2002 NY Slip Op 50311[U] [White Plains City Ct 2002]).
*39 Defendant’s remaining contentions either are unpreserved for appellate review, are without merit, or need not be reached in light of our determination.
Accordingly, the judgment of conviction is modified by vacating the conviction of endangering the welfare of a child and dismissing the count of the accusatory instrument charging that offense.
Maraño, J.E, Nicolai and LaSalle, JJ., concur.