The People of the State of New York, Respondent,
against
Derek Jackson, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Desmond A. Green, J.), rendered October 11, 2012. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child, menacing in the third degree, criminal possession of a controlled substance in the seventh degree and harassment in the second degree.




ORDERED that so much of the appeal as is from the portions of the judgment convicting defendant of criminal possession of a controlled substance in the seventh degree and harassment in the second degree is dismissed as abandoned; and it is further,
ORDERED that so much of the judgment as convicted defendant of endangering the welfare of a child and menacing in the third degree is affirmed.
Following a jury trial, defendant was convicted of endangering the welfare of a child (Penal Law § 260.10 [1]), menacing in the third degree (Penal Law § 120.15 [1]), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and harassment in the second degree (Penal Law § 240.26 [1]).
At the outset, we note that, as defendant has raised no issue concerning his convictions of criminal possession of a controlled substance in the seventh degree and harassment in the second degree, so much of the appeal as is from these portions of the judgment is dismissed as abandoned.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's guilt of endangering the welfare of a child and menacing in the third degree was established beyond a reasonable doubt. 
Penal Law § 260.10 (1) provides that a person is guilty of endangering the welfare of a child when he or she "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old." Thus, the People "must prove beyond a reasonable doubt that the defendant was aware that his conduct was likely to result in harm to a child, and that such harm was likely to occur, not that it was merely possible"; proof that the defendant "should have known" of such consequences is not sufficient (People v Finneran, 43 Misc 3d 34, 38 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; see People v Hitchcock, 98 NY2d 586, 591 [2002]; People v Chase, 186 Misc 2d 487, 488 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]). Conduct that clearly raises a risk of injury to a minor does not necessarily make such injury likely (see Chase, 186 Misc 2d at 488). While the People must prove that the defendant was aware of the likely injurious consequences of his or her actions upon a child (see People v Simmons, 221 AD2d 994, 995 [1995]), the defendant "need not commit an affirmative [*2]act directed at a child or cause actual harm to be guilty of endangering the welfare of a child" (People v Finneran, 43 Misc 3d at 38; see Hitchcock, 98 NY2d at 591). As each endangering the welfare of a child case is fact specific (see People v Johnson, 95 NY2d 368, 373 [2000]), a reviewing court must look to the "confluence of events and circumstances" (Hitchcock, 98 NY2d at 592), including both the defendant's acts and omissions (see People v Johnson, 27 Misc 3d 1239[A], 2010 NY Slip Op 51103[U] [Crim Ct, Queens County 2010]).
In this case, the 14-year-old complainant testified that while she was waiting in the lobby of her apartment building for the elevator, the 49-year-old defendant looked at her "up and down," and looked at her chest and bottom. Defendant then entered the stairwell. The complainant got on the elevator, which became stuck at the fourth floor. The complainant pressed the door open button and exited the elevator. She began walking up the stairs toward her apartment on the ninth floor. As she walked up the stairs, she heard footsteps that got faster. Defendant caught up to her, grabbed her on her left side, and tugged her by her waist. The complainant broke away from defendant and ran down another stairwell, back to the lobby. When the complainant called her mother on her cell phone, she was scared, crying, and could hardly breathe. In view of the foregoing, we find that defendant's guilt of endangering the welfare of a child was supported by legally sufficient evidence (see People v Antonio, 58 AD3d 515 [2009]; People v Coveney, 50 Misc 3d 1, 9 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Penal Law § 120.15 provides that a person is guilty of menacing in the third degree when, "by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." We find that the evidence in this case of menacing in the third degree was supported by legally sufficient evidence (Wsee Matter of Orenzo H., 33 AD3d 492, 493 [2009]; Matter of Willie W., 32 AD3d 479, 480 [2006]; People v Abi Raad, 47 Misc 3d 139[A], 2015 NY Slip Op 50591[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Jackson, 109 Misc 2d 582 [Crim Ct, Kings County 1981]; cf. People v Peterkin, 245 AD2d 1050, 1051 [1997]; Matter of Akida L., 170 AD2d 680 [1991]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we find that the verdict of guilt with respect to endangering the welfare of a child and menacing in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, so much of the judgment as convicted defendant of endangering the welfare of a child and menacing in the third degree is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: September 20, 2016