People v Curry (2024 NY Slip Op 06463)

People v Curry

2024 NY Slip Op 06463

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

814 KA 22-00168

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EUGENE CURRY, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Jack E. Elliott, A.J.), rendered December 14, 2021. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and sentencing him to a determinate term of incarceration, followed by a period of postrelease supervision. We affirm.
Defendant contends that County Court lacked jurisdiction to sentence him because the court did not issue a written declaration of delinquency and his probation period had ended by the time the court imposed the sentence. The issuance of a declaration of delinquency is governed by CPL 410.30, which provides that, "[i]f at any time during the period of a sentence of probation . . . the court has reasonable cause to believe that the defendant has violated a condition of the sentence, it may declare the defendant delinquent and file a written declaration of delinquency." The filing of a declaration of delinquency tolls the period of probation, thereby, in effect, extending the sentence originally imposed (see Penal Law § 65.15 [2]; People v Douglas, 94 NY2d 807, 808 [1999]). Here, it is undisputed that the court did not issue a written declaration of delinquency. Nonetheless, defendant pleaded guilty to violating probation prior to the expiration of his sentence of probation, and we conclude that the court thus had jurisdiction to sentence him after revoking his probation (cf. People v Montgomery, 115 AD2d 102, 103 [3d Dept 1985]).
Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to argue that the court lacked jurisdiction to sentence him after revoking his probation. We reject that contention inasmuch as that argument had little to no chance of success on the merits (see generally People v Caban, 5 NY3d 143, 152 [2005]). To the extent that defendant contends that defense counsel was ineffective for failing to negotiate what would constitute defendant's successful completion of the drug treatment court program, that argument involves matters outside the record and cannot be addressed on direct appeal (see generally People v Simmons, 221 AD2d 994, 994 [4th Dept 1995], lv denied 88 NY2d 885 [1996]).
We reject defendant's contention that the period of postrelease supervision is unduly harsh and severe. We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment. We note, however, that the certificate of disposition must be amended to reflect the fact that defendant was sentenced to three years of postrelease supervision (see People v Crosby, 195 AD3d 1602, 1604 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court